The STATE of Utah, Plaintiff
and Respondent,

v.

Myron Darl LANCE and Walter Bernard
Kelbach, Defendants and Appellants.

No. 10990.

Supreme Court of Utah.

Jan. 18, 1977.

Jonathan H. King, Salt Lake City, for appellants.

Vernon B. Romney, Atty. Gen., Robert B. Hansen, Asst. Atty. Gen., Salt Lake City, for respondent.

### ORDER

Appellants' request for a hearing having been heretofore considered, and the Court being sufficiently advised in the premises, it is ordered that the case be remanded to the District Court for further proceedings in accordance with the law.

ELLETT, Chief Justice (dissenting).

The defendants were convicted of the crime of murder in the first degree and were sentenced to death as provided by our statute. They appealed to this Court and the judgment was affirmed.[1] Thereafter, they appealed to the Supreme Court of the United States wherein the following order was made:[2]

The judgment is vacated insofar as it leaves undisturbed the death penalty imposed, and the case is remanded for further proceedings. See *Stewart v. Massachusetts,* 408 U.S. 845, 92 S.Ct. 2845, 33 L.Ed.2d 744 (1972).

The case of *Stewart v. Massachusetts* referred to is set out below:

Per Curiam.

The appellant in this case was sentenced to death. The imposition and carrying out of that death penalty constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. *Furman v. Georgia,* 408 U.S. p. 238, 92 S.Ct. 2726, 33 L.Ed.2d p. 346 (1972). . . . The judgment is therefore vacated insofar as it leaves undisturbed the death penalty imposed, and the case is remanded for further proceedings.

The numerous decisions in *Furman v. Georgia* are anything but enlightening. None of them support the Per Curiam opinion which simply held that the death penalty constituted cruel and unusual punishment.

Since that case was decided, the Supreme Court of the United States has held that the death penalty in and of itself is *not* cruel or unusual punishment.[3]

An analysis of the basis for the various opinions in the *Furman* case is set out in my

---

1. 23 Utah 2d 231, 461 P.2d 297 (1969).

2. 408 U.S. 935, 33 L.Ed.2d 751, 92 S.Ct. 2858 (1972).

3. *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *Proffitt v. Florida,* 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976).

**544**

concurring opinion in the case of *State v. James.*[4]

In Utah there is no undue application of the death penalty to any minority group. Only one black man has been executed in Utah during statehood. Our statute permits the jury to temper justice with mercy, and where the jury recommends leniency the death penalty is not mandatory.

Both Lance and Kelbach have appeared on national television and admitted to the murder of many people. They asserted that they would do it again if they could get out of prison.

Since the objections to the imposition of the death penalty raised in the various opinions in the *Furman* case have no basis for application to Lance and Kelbach, it seems that the proper procedure would be to remand this case to the trial court with directions to fix a new date for the carrying out of the only penalty provided by our statute.

If the United States Supreme Court would not be satisfied with that procedure, then perhaps the Court would give some guidelines as to what could be done. Would the justices permit a second trial with a new jury to determine the sole question of leniency?

In light of the circumstances of this case, this Court entered the following order:

> Appellants' request for a hearing having been heretofore considered, and the Court being sufficiently advised in the premises, it is ordered that the case be remanded to the District Court for further proceedings in accordance with the law.

If we have any doubts as to the procedure to be followed, how in good conscience can we abrogate our responsibility by simply remanding the case to the trial court with directions to proceed according to law? We should tell the court what the law *is.* I, therefore, dissent from the order of remand as made.

4. 30 Utah 2d 32, 36, 512 P.2d 1031 (1973).