440 P.2d 971

**James E. WISE, Plaintiff and Appellant,**

v.

**John W. TURNER, Warden, Utah State
Prison, Defendant and Respondent.**

No. 11051.

Supreme Court of Utah.

May 16, 1968.

Carl J. Nemelka, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Gerald G. Gundry, Asst. Atty. Gen., Salt Lake City, for respondent.

PER CURIAM.

James E. Wise appeals from a judgment of the district court rejecting his petition in habeas corpus for release from the Utah State Prison. The rejection was based upon the ground that the procedural defect plaintiff alleges was reviewable on appeal, which was not done, and that it is not now reachable in habeas corpus proceedings.

In October 1963 the plaintiff was convicted by a jury of the crime of issuing a worthless check and was sentenced to the statutory term of not to exceed five years in the state prison. No appeal was taken. In 1967 this proceeding was commenced in which plaintiff contends that he was denied the right to defend himself as assured in State v. Penderville, 2 Utah 2d 281, 272 P.2d 195. In support of this contention he asserts: that two days before his trial date, October 7, 1963, he received a notice of withdrawal from his attorney, Mr. James F. Housley, by mail; that he immediately thereafter went to the chambers of the trial judge, Ray Van Cott, Jr., who is now deceased, and requested

**102**

a continuance, which was denied. And that he further stated: "Well may I at least defend myself—" which Judge Van Cott likewise refused and refused to let Mr. Housley withdraw. No record was made of this conversation. The record is that the trial proceeded with Mr. Housley as plaintiff's counsel.

In order to get to the critical issue here, we set aside the questions involved in whether the trial court would have accepted facts as claimed by the plaintiff, and whether any prejudice may have resulted therefrom.

The controlling proposition in this case is that the plaintiff was duly convicted after trial by jury in which he was represented by competent counsel. The proceedings are presumed to have been regular and the judgment to be valid. If there was any error as now contended by the plaintiff, it is something which was fully known to himself and his counsel at the time of the judgment and sentence. The time for appeal has long since expired, and the judgment having become final, it is not subject to the type of attack plaintiff makes in this proceeding. See Brown v. Turner, 21 Utah 2d 96, 440 P.2d 968.

Affirmed. No costs awarded.

CALLISTER and HENRIOD, JJ., not participating herein.