Charles Alvin KENNEDY, Plaintiff and Appellant,

v.

Lawrence MORRIS, Warden, Utah State Prison, Defendant and Respondent.

No. 17617.

Supreme Court of Utah.

Dec. 3, 1981.

Douglas E. Wahlquist, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Robert N. Parrish, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

PER CURIAM:

This is an appeal from the denial of a petition for writ of habeas corpus.

In December, 1979, defendant was convicted by a jury of a sex offense, involving the forcing of his wife into sex relations with other men. He appealed to this Court on two grounds, unconstitutionality of the statute under which he was charged, and insufficiency of the evidence. This Court, whose opinion was reported at *State v. Kennedy*, 616 P.2d 594 (1980), affirmed the lower court.

On the appeal of his conviction, defendant did not contend that he was denied a jury trial, or that he did not voluntarily waive such right. His counsel, Mr. Warner, was an experienced lawyer and member of the Bar in good standing, who, as the record reveals, faithfully and capably represented defendant from the time defendant was charged, through preliminary examination and trial. Warner also filed notice of appeal, and wrote a brief. At that juncture, defendant employed different counsel.

 His new counsel consulted with Mr. Warner, and asked him, "Why did you waive the jury?" and continued by saying, "He (Kennedy) didn't waive it at all." Yet, instead of adding the point on appeal, which appears they could have done, defendant and his new counsel chose to defer asserting the jury trial issue, until after the decision of this Court affirming the conviction. After the decision of this Court was issued in December, 1980, defendant filed this petition for writ of habeas corpus. Such delayed contention indicates an attempt to do that which this Court many times has disallowed, i.e., to employ the habeas corpus procedure as a substitute for an appeal.[1]

The decision of the trial judge in the habeas corpus proceeding is affirmed for the foregoing reasons. In any event, there is substantial, admissible evidence which supports the decision. Defendant's counsel more than once told defendant that, as a matter of strategy, he thought it would be to defendant's advantage to try the case to the court rather than to a jury. After having been advised of his right to a jury trial, the defendant elected to have the case tried to the court. Thereafter, defendant waived his right in open court, the judge being satisfied that it was done voluntarily and knowingly.

Affirmed.

---

1. *Brown v. Turner*, 21 Utah 2d 96, 440 P.2d 968 (1968), *Bryant v. Turner*, 19 Utah 2d 284, 431 P.2d 121 (1967).