497 P.2d 35

**Roger SILVA, Plaintiff and Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, et al., Defendants and Respondents.**

**No. 12715.**

Supreme Court of Utah.

May 10, 1972.

Roger Silva, pro se.

Vernon B. Romney, Atty. Gen., Salt Lake City, for defendants and respondents.

CALLISTER, Chief Justice:

Plaintiff appeals from an order of the district court denying his petition for a writ of habeas corpus. The legality of his restraint was tried upon two issues: (a) Was he afforded effective aid and assistance of counsel? (b) Did he voluntarily and intelligently enter his plea of guilty? After an evidentiary hearing, the trial court found these issues in the affirmative.

The findings of fact of the trial court incorporate the proceedings of the court at the time plaintiff pleaded guilty to burglary in the second degree. Plaintiff was represented by counsel and initially pleaded not guilty; on the day he was to be tried he withdrew his former plea and pleaded guilty. Plaintiff responded in the affirmative, when the court queried whether he understood that he could be incarcerated in the Utah State Prison for 20 years, that he had a right to compel the State to prove to a jury of eight people and beyond a reasonable doubt every element of the crime of burglary in the second degree, that by a plea of guilty he was in effect entering a jury verdict against himself, and that he could compel the State to prove to eight people that he broke into the building and at that time he intended to steal. In response to a question as to whether he had received any promises in exchange for his plea, plaintiff replied that his counselor had advised him that a robbery charge would be dropped if he pleaded guilty. Plaintiff stated that it was his idea to plead guilty, and his counsel had not pressured

him and that he was well satisfied with the services of his attorney. Plaintiff further stated that no one, including the police, had threatened him. The court inquired as to plaintiff's version of the incident. Plaintiff responded that he had entered the building through a broken window with the intention of taking some copper, but he was apprehended almost immediately. Based on the foregoing, the trial court found that plaintiff had freely and voluntarily offered to plead guilty to the charge and, therefore, permitted the plea to be entered.

In its order denying plaintiff's petition the trial court found that plaintiff was represented by competent counsel, that he was informed of the consequences of his plea by the judge, that he gave testimony concerning the act committed and the fact that a crime was committed, that the plea was his idea and that he was not coerced or threatened. The trial court concluded that plaintiff made his plea voluntarily and intelligently, considering all relevant circumstances, and that his constitutional rights were not violated.

On appeal, plaintiff cites principles of law but in no way proffers their applicability to his factual situation. Plaintiff further asserts that his evidentiary hearing was inadequate and that he had not been provided with a transcript of the hearing. Plaintiff had the responsibility to secure the transcript; he failed to do so, and,

therefore, he cannot complain about the adequacy of the record.

The order of the trial court is affirmed.

TUCKETT, ELLETT, HENRIOD and CROCKETT, JJ., concur.