STATE of Utah, Plaintiff and Respondent,

v.

William ANDREWS, Defendant and Appellant.

STATE of Utah, Plaintiff and Respondent,

v.

Dale S. PIERRE, Defendant and Appellant.

Nos. 13902 and 13903.

Supreme Court of Utah.

Feb. 27, 1978.

---

1. 120 App.Div. 645, 105 N.Y.S. 357 (1907).

2. 135 Me. 29, 188 A. 708 (1936).

3. 36 Ga.App. 29, 134 S.E. 811 (1926).

John T. Caine of Public Defender Assn. of Weber County, Ogden, for Andrews.

Randall T. Gaither of Athay, Brown & Van Sciver, Salt Lake City, for Pierre.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Robert R. Wallace, Asst. Attys. Gen., Salt Lake City, for Nos. 13902 and 13903.

WILKINS, Justice:

By petitions for rehearing, defendants challenge the opinions of this Court rendered on November 25, 1977. See *State v. Pierre*, Utah, 572 P.2d 1338 (1977) and *State v. Andrews*, Utah, 574 P.2d 709 (1977). After considering points raised by the petitions, and finding them without merit, the petitions were denied on January 17, 1978. An explanation, however, is given in this supplemental opinion to this order of denial concerning one point raised by the petitions, viz., the defendants' contention that this Court erroneously stated that the defendants claimed no actual prejudice as a result of the District Court's failure to sequester them. Defendants contend they did claim actual prejudice because of this failure, which resulted in these jurors being exposed at one of their luncheon recesses to a napkin with a drawing of a stick figure hanging from a gallows and an inscription reading "Hang the niggers."

The incident involving the napkin was discussed under point 5 of Defendant Pierre's brief on appeal (and incorporated by reference in Defendant Andrews' brief) which was entitled:

THE TRIAL COURT DEPRIVED THE APPELLANT OF A FAIR TRIAL AND VIOLATED THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT BY FAILING TO PROTECT THE APPELLANT FROM INHERENTLY PREJUDICIAL PRETRIAL PUBLICITY.

Although in No. 5 of the Pierre brief, he does claim actual prejudice at one point, this Court in the prior opinions, ante, treated the matter of the napkin incident, inter alia, in the context of inherently prejudicial publicity. And our analysis and conclusion in the prior opinions on this type of publicity remain unchanged.

The defendants urged us in their petitions for rehearing to pinpoint consideration of their contention of actual prejudice of the napkin incident.

The District Judge became aware of the incident through a disclosure by the court bailiff who was in charge of the jury during a luncheon recess. Immediately after this recess, the Court had a hearing, out of the presence of the jury, with defendants and counsel present. The bailiff was sworn and testified. It was revealed that: the dining area of the cafe where the jury had lunch was excluded by drawn curtains, and there

was absolute privacy; the jurors did not communicate with others at the cafe; nevertheless, when one juror overturned his napkin at the beginning of the meal, he discovered the writing and drawing; only the jurors on each side of the napkin probably saw the writing; and the napkin was not discussed by the jurors except the bailiff reported ". . . They felt it was . . . important that I should have it (the napkin) to show the court . . .."

At the conclusion of the testimony, the defendants renewed a motion to sequester (which had been made earlier in the proceedings) and the Court denied the same. The jury was then returned and the Court admonished the members by saying: ". . . Occasionally some foolish person will try to communicate with you. Please disregard the communications from foolish persons and ignore the same . . .. Just ignore communications from foolish people."

We conclude that no actual prejudice was demonstrated showing that the jury was influenced adversely and there was no showing that sequestration would have eliminated this incident. Indeed though the jury was not generally sequestered, it was sequestered at this recess. We believe that the professional manner in which this unfortunate incident was handled by the jurors, the bailiff, and the Court negates the probability of actual prejudice.

It is the general rule that one who wishes to challenge a judge's allowance of juror separation must demonstrate either actual prejudice or a substantial likelihood that some prejudice did result from the refusal to sequester. *United States v. Harris*, 458 F.2d 670 (5th Cir. 1972); *United States v. Hill*, 496 F.2d 201 (5th Cir. 1974); *State v. Jones*, 218 Kan. 720, 545 P.2d 323 (1976). As defendants did not carry this burden of demonstrating actual prejudice, we conclude that their contention relating to it and discussed herein is without merit.

ELLETT, C. J., and MAUGHAN and HALL, JJ., concur.

CROCKETT, J., does not participate herein.