Dale S. PIERRE, Plaintiff and Appellant,

v.

Lawrence MORRIS, Warden, Utah State Prison, Defendant and Respondent.

No. 16169.

Supreme Court of Utah.

Feb. 13, 1980.

D. Gilbert Athay, Robert Van Sciver, Randall Gaither, Ronald J. Yengich, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

HALL, Justice:

Appellant, Dale S. Pierre (hereinafter "Pierre"), appeals from the order of the Third Judicial District Court which dismissed his petition for postconviction relief.[1] See companion case, *Andrews v. Morris,* Utah, 607 P.2d 816, also filed this date, the issues resolved therein being pertinent and generally dispositive of this appeal.

Pierre's petition for habeas corpus is substantially identical in context to that of *Andrews* in that it also challenges his commitment under the sentence of death on the general grounds that his rights under the Constitution of the United States and that his sentence of death by shooting violates his state and federal constitutional rights. Likewise, his general assertions of error are virtually the same as those advanced in *Andrews,* i. e., the trial court's denial of an evidentiary hearing and failure to apply new case law deemed to afford a basis for habeas corpus relief. However, Pierre's *specific* assertions of error prompt us to address them although we do so at the risk of being somewhat redundant.

Pierre asserts that the trial court erred in dismissing his petition in the following respects: (1) that the petition raised issues that could not have been raised on direct appeal; (2) that the Utah sentencing procedure is constitutionally infirm; (3) that the imposition of the death penalty in the face of unresolved factual and legal issues constitutes a denial of due process; (4) that the doctrine of res judicata was applied rather than collateral estoppel and that no evidence was before the court to support the application of either doctrine; (5) that it does not appear to a certainty that no state of facts could be proved to support the claim for relief; and (6) that the court improperly converted the motion to dismiss to one for summary judgment.

In support of his initial assertion of error, Pierre advances four contentions why the issues raised in his petition could not have been presented at the time of the direct appeal in *State v. Pierre,* Utah, 572 P.2d 1338 (1977). The first thereof is that this Court's decision in *Pierre,* supra, raised the issues as to: (a) the discretion of the sentencing authority in imposing the death penalty; (b) the need for specification by the sentencing authority of the aggravating circumstances found to exist; (c) the guidance to be given the sentencing authority in reaching its decision; (d) the nature and scope of judicial review; and (e) the burden of proof applicable at the sentencing phase of the trial.

With the exception of the issue as to the need for a specification of the aggravating circumstances, a cursory review of the record and our opinion in *Pierre* reveals that none of the foregoing issues arose from the decision in *Pierre,* but in fact they were part and parcel of it, having been raised by Pierre at that time and ruled upon. He has simply reframed the same issues in the petition now before us. As to any need for a specification of aggravating circumstances, the case of *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) determined that so long as the record reveals the evidentiary basis for the imposition of the death penalty so as to insure that the appellate court may conduct a comprehensive

1. Sought pursuant to the provisions of Rule 65B(i), Rules of Civil Procedure.

review of the proceedings and insure that the penalty was not imposed arbitrarily or capriciously, the concerns of *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), are met. We specifically addressed this same issue in *Andrews* and for the reasons stated therein we reject Pierre's contentions here.

Pierre's second contention as to why the issues now presented could not have been presented previously is that they stem from certain recent decisions of the United States Supreme Court.[2] We reviewed those cases in *Andrews* and concluded that all arise in a factual context clearly distinguishable from this case and none of them establishes a significantly different test than set forth in *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), *Proffitt v. Florida,* 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976), and *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). Consequently, and for the further reasons stated in *Andrews,* Pierre's reasoning is rejected.

Pierre's third contention as to why issues are now presented that could not have been previously presented is that he and Andrews are the first persons faced with death under the 1973 statute and that they are hence entitled to have their offenses compared with those in other Utah death penalty cases with a view toward determining if they are sufficiently aggravated as to warrant the death penalty.

The foregoing contention was addressed in *Spinkellink v. Wainwright,* 578 F.2d 582 (5th Cir. 1978) cert. denied, wherein it was determined that it is not necessary to undertake such a case-by-case comparison. That conclusion rests upon that court's interpretation of *Proffitt v. Florida,* supra. In *Proffitt,* the court determined that the Florida statute is constitutional "on its face" and that the Florida system satisfies

the constitutional deficiencies identified in *Furman.* With this we do not disagree. Consequently, we deem the issue to be one of law, not fact, and hence one that could have been presented on direct appeal. In any event, the trial court correctly dismissed as a matter of law since the Utah statute is clearly constitutional "on its face" and we determined in *Pierre* that it was meticulously followed.

█ The fourth contention advanced, that the law pertaining to capital punishment is highly technical and hence some issues have not been apparent to counsel and legal commentators, has no merit. Such a "wait and see" approach was expressly rejected in *Spinkellink* and we deem it to be an obviously untenable position since its adoption would totally frustrate the criminal process.

We now turn to Pierre's second assertion of error, viz., that the standard of proof required in the sentencing phase of the trial is unconstitutional in that it: (a) shifts the burden of proof to the defendant; (b) permits the sentencing authority to exercise unguided discretion; and (c) is in effect a mandatory penalty of death in those instances where little or no mitigating circumstances are shown.

We note at the outset that the standard of proof issue was raised on direct appeal in *Pierre* and that we then adopted the totality of proof test as established in *Proffitt v. Florida,* wherein the matter was stated as follows:

The directions given to the judge and jury by the Florida statute are sufficiently clear and precise *to enable the various aggravating circumstances to be weighed against the mitigating ones.* As a result, the trial court's sentencing discretion is guided and channeled by a system that focuses on the circumstances of each individual homicide and individual defendant

---

2. *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977); *Presnell v. Georgia,* 439 U.S. 14, 99 S.Ct. 235, 58 L.Ed.2d 207 (1978); *Woodson v. North Carolina,* 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976); *Rob-*

*erts v. Louisiana,* 431 U.S. 633, 97 S.Ct. 1993, 52 L.Ed.2d 637 (1977); *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); and *Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977).

in deciding whether the death penalty is to be imposed. [Emphasis added.]

■ Contrary to Pierre's contention, the burden of proof is not shifted to the defendant under the Utah sentencing procedure. The defendant is simply afforded the opportunity of presenting any evidence he may have in mitigation. The most that can be said for such a procedure is that the defendant then has the "burden" of going forward, but only if he so desires. The burden of *proof* remains at all times on the prosecution.

In regard to the remaining contention that the death sentence can be mandatorily imposed, such is without merit under the facts of this case for Pierre did pursue his right to offer evidence of mitigating circumstances and argued the issue to the jury. As we noted in *Pierre*, the matters which he offered in mitigation were "most minimal—even from the point of view of inference." Also, for the reasons more fully stated in *Andrews*, we deem the case of *Roberts v. Louisiana*, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976) cited by Pierre as wholly inapposite.

■ Pierre's third assertion of error, viz., that it is *unconscionable and a denial of due* process to impose the death penalty where there are unresolved legal and factual issues pending, is without merit for, in accord with our foregoing discussion, we find no such issues to be pending. No issues have been made to appear such that "it would be wholly unconscionable not to re-examine." [3] The severity of the death penalty standing alone does not render it unconscionable for this Court to deny further review. Rather, it is the substance of the claims asserted that governs.[4]

Pierre's fourth assertion of error actually concerns the trial court's application of the doctrine of *waiver* rather than either of the doctrines of res judicata or collateral estoppel to which he refers. This issue was extensively discussed in *Andrews* and for the reasons stated therein we reject his contentions.

Pierre's fifth and sixth assertions of error both pertain to the procedural propriety of the trial court's granting of the motion to dismiss. Likewise, these issues were addressed in *Andrews* and for the reasons stated therein we deem his contention to be without merit.

■ We reaffirm our holding in *Pierre* that the statutory system under which the sentence of death was imposed does not violate the Constitutions of Utah or of the United States and that all claimed errors are without merit. Following said statutory procedure, and given the especially heinous nature of the murders in this case, no rational judge or jury could have returned a verdict of other than guilty, nor could they have determined other than that the aggravating circumstances thereof clearly outweighed those in mitigation.

We affirm the order of the trial court dismissing the petition.

CROCKETT, C. J., concurs.

WILKINS, and STEWART, JJ., concur in result.

MAUGHAN, Justice (dissenting):

With the rigid adherence to the restrictive waiver doctrine, in a habeas corpus action involving the death penalty, I cannot concur. The need for finality of convictions is an insufficient reason when the convictions involve the death penalty in the first two cases tried under the new statute. The unbridled reliance on the infallibility of this court in assessing the constitutional issues involved in the prior appeals of Pierre and Andrews is not consistent with the broad role this court must play in performing its institutional function. As pointed out by the United States Supreme Court, since there is a qualitative difference in the sentence of death, there is a corresponding difference in the need for reliability in the determination that death is the appropriate

---

**3.** *Bryant v. Turner*, 19 Utah 2d 284, 431 P.2d 121 (1967).

**4.** *Spinkellink v. Wainwright*, supra.

punishment, in a specific case.[1] Under the circumstances the claims of the petitioners should be reviewed in these proceedings with a consciousness of the qualitative difference of the sentences imposed.

In response to petitioners initial appeals regarding the validity of the death penalty statutes in Utah, this court relied on decisions rendered by the United States Supreme Court issued in 1976. Subsequent decisions have further added to the mosaic, from which emerges the pattern of basic constitutional doctrine. The Utah statutory plan for imposition of the death penalty does not conform with the minimal requirements of the United States Supreme Court. My concurring and dissenting opinion in *State v. Brown,* Utah, 607 P.2d 261 (1980), sets forth in detail my reasons for this conclusion.

---

1.  *Woodson v. North Carolina,* 428 U.S. 280, 305, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976).  ).