STATE of Utah, Plaintiff and
Respondent,

v.

Walter J. WOOD, Defendant
and Appellant.

No. 16486.

Supreme Court of Utah.

Sept. 21, 1981.

Richard G. MacDougall, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

A jury found defendant guilty of first degree murder. The jury having been waived for the penalty phase, the court heard evidence from the prosecution and defense, and then sentenced the defendant to death. This appeal followed.

A majority of the court holds:

1) That the conviction for first degree murder should be affirmed; and

2) That the sentence of death should be vacated and the case remanded to the district court for resentencing.

Opinions on the guilt and penalty phases will be filed hereafter.

Speaking of the legal standard governing when the death sentence should be imposed and when the life sentence should be imposed, the trial judge stated:

> I firmly believe it ought to be beyond a reasonable doubt but the Supreme Court has told me. It is by a preponderance, greater weight of the evidence.

After further deliberation, the judge stated:

> . . . I will make the specific finding. I do not find that beyond a reasonable doubt, but I find that the aggravating preponderates. The jury having found the defendant guilty of a capital murder in the first degree and the facts preponderating in favor of aggravating over the mitigating circumstances I have no alternative according to the legislature. The legislature set the penalty, the Court doesn't set the penalty.
>
> Under the law I am required and mandated that I impose the sentence of death
> . . . .

The trial court's conclusion that the death sentence is mandated once the aggravating circumstances are found to preponderate over the mitigating circumstances is in error and requires that the sentence be vacated and the case remanded for resentencing.

It is our conclusion that the appropriate standard to be followed by the sentencing authority—judge or jury—in a capital case is the following:

> After considering the totality of the aggravating and mitigating circumstances, you must be persuaded beyond a reasonable doubt that total aggravation outweighs total mitigation, and you must further be persuaded, beyond a reasonable doubt, that the imposition of the death penalty is justified and appropriate in the circumstances.

The defendant's conviction of first degree murder is affirmed, but his sentence of death is vacated and the case is remanded to the trial court with instructions to resentence the defendant in accordance with U.C.A., 1953, § 76–3–207(3).

*So ordered.*