**Carvin JOHNSON, Plaintiff and Appellant,**

**v.**

**Lawrence MORRIS, Warden, Utah State Prison, Defendant and Respondent.**

**No. 17687.**

Supreme Court of Utah.

March 22, 1982.

---

Carvin Johnson, pro se.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

**PER CURIAM:**

On February 14, 1980, the appellant appeared before the trial court, accompanied by counsel who had represented him at the jury trial wherein appellant was convicted of three counts of aggravated sexual assault.[1] Appellant was asked by the court if he had "anything to say why judgment should not be pronounced," and the court, finding "no sufficient cause to the contrary being shown or appearing to the court," sentenced appellant to prison.

Appellant's counsel was a member of the Bar in good standing, duly licensed, whose expertise and ability was unquestioned until two months after appellant had appealed to this Court and his conviction had been affirmed. On no occasion prior thereto did appellant express any dissatisfaction with or object to any representation by or competence of his counsel.

Appellant filed a petition for a writ of habeas corpus which was amended to include a claim of incompetence of counsel. At a hearing on the petition, several witnesses testified, including trial counsel. The court specifically found that appellant had been effectively and competently represented.[2] Inasmuch as appellant has failed to supply this Court with a transcript of the habeas corpus proceeding, it is presumed that the evidence supported the findings.[3]

Because of the dispositive nature of the factual findings of the trial court, we need not address its alternative basis for the denial of the petition, to wit, the doctrine of waiver.

Affirmed.

DURHAM, J., does not participate herein.

---

1. In violation of U.C.A., 1953, 76–5–405.

2. The court also specifically found that there was no merit to the claim of error that counsel "failed" to ask for separate trials. U.C.A., 1953, 77–35–9 provides for joinder of causes, and a decision on that matter is one of strategy by the defense, within the sound discretion of the trial court.

3. *Goodman v. Wilkinson*, Utah, 629 P.2d 447 (1981). See also *Silva v. Turner*, 27 Utah 2d 429, 497 P.2d 35 (1972).