**STATE of Utah, Plaintiff and Respondent,**

v.

**Richard Lawrence JENSEN, Defendant and Appellant.**

**No. 21028.**

Supreme Court of Utah.

Oct. 8, 1986.

Earl Xaiz, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Dave B. Thompson, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

## PER CURIAM:

Defendant appeals his conviction of aggravated robbery, a first degree felony under U.C.A., 1953, § 76–6–302. The sole issue on appeal is whether the trial court erroneously admitted into evidence letters written by defendant which purportedly contained references to a prior crime.

Defendant was accused of robbing a Radio Shack store on the evening of February 11, 1985. Among the witnesses called to testify at trial were Mr. Harry Leisure, the Radio Shack employee on duty at the time of the robbery, and Ms. Terry Harris, defendant's girlfriend. Mr. Leisure stated the circumstances of the robbery and positively identified defendant as the robber. Defendant claimed it to be a case of mistaken identity and called Ms. Harris as an alibi witness. Harris testified that she was with defendant (at his apartment) during the entire evening of February 11, 1985. In an apparent attempt to discredit Harris, the prosecution referred to two letters written by defendant to Harris. The following colloquy then occurred:

[Defense]: Your honor, I object to proceeding this way. I think ... the procedure requires he allow her to read the document that he has to see if it refreshes her memory. She has not responded negatively on these things.

[Prosecutor]: Your honor, this isn't being offered to refresh her recollection. We offer it as bearing upon her credibility. She's testified Larry did not write her and tell her ... about the events of February 11th. And I think this certainly shows that is not the case.

[Judge]: The Court objects to you reading from something that's not been offered into evidence. Do you intend to offer that document?

[Prosecutor]: I do, your honor.

[Judge]: Let's get that taken care of. Do you have an objection?

[Defense]: I do.

[Judge]: What is your objection? Do you wish to approach the bench?

[Defense]: I do.

(Whereupon, a discussion was held between Court and counsel at the bench, outside the hearing of the jury, after which the following proceedings were had):

[Judge]: What is that document marked?

[Prosecutor]: Your honor, State would move for admission of State's Exhibit No. 16S.

[Judge]: It will be received.

[Defense]: Over our objection, your honor, for reasons given.

[Judge]: Yes, noted.

(Whereupon, State's Exhibit 16 was offered and received into evidence).

A second letter was thereafter also admitted over "the same objection as before."

After both sides had rested, the jury was instructed and retired for deliberations. Defense counsel thereupon objected to allowing the jury access to the two letter exhibits. Counsel stated that certain parts of the letters were objectionable because they related to private matters or referred to a prior misdemeanor offense committed by defendant. As an explanation for the late objection, counsel claimed to have misunderstood the "limitations" the court had placed upon the admission of the letters. The court overruled the objection on the ground that it had not been timely raised.

On appeal, defendant contends that in admitting the letters, the trial court admitted evidence of other crimes in violation of Utah Rules of Evidence 404(b).[1] The only reference that even arguably might relate to another crime is the following paragraph in Exhibit 16S:

> Well my dad came up here & visited me last Tuesday. He was a little upset. But we had a good visit. He is going out to Davis County & talk with that judge. I'm eligable [sic] for a "review" now so things look good out there.

Assuming, *arguendo*, that this statement was excludable, the issue was not raised until after the jury had retired for its deliberations. In *State v. Gray*, 717 P.2d 1313, 1316 (Utah 1986), we referred to Utah Rules of Evidence 103(a)(1) and held that claims of evidentiary error are waived unless the record reflects a timely objection stating the specific ground upon which it is based. (See also *State v. McCardell*, 652 P.2d 942 (Utah 1982), where we reached a similar conclusion under our former Utah Rules of Evidence 4.) Defendant suggests that even if the issue was not timely raised, it still should have been excluded since it was raised before the exhibits went to the jury room. This argument is addressed to the sound discretion of the trial court. In *State v. Royball*, 710 P.2d 168, 169 (Utah 1985), we held that the trial court's ruling on the admissibility of evidence will not be reversed absent a showing that the trial court so abused its discretion as to create a likelihood that injustice resulted. In the instant case, considering the untimeliness of the objection and the nature of the evidence admitted, we do not find that the trial court abused its discretion in allowing the exhibits to go to the jury.

Affirmed.

STEWART, J., concurs in the result.

---

1. "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."