William ANDREWS, Plaintiff
and Appellant,

v.

Kenneth SHULSEN, Warden of the
Utah State Prison, Defendant
and Appellee.

No. 880024.

Supreme Court of Utah.

Oct. 27, 1988.

Rehearing Denied June 5, 1989,

Joseph E. Tesch, Park City, Timothy K. Ford, Seattle, Robert B. Denton, Salt Lake City, Gordon G. Greiner, Denver, Colo., for plaintiff and appellant.

David L. Wilkinson, Dave Thompson, Salt Lake City, for defendant and appellee.

HOWE, Associate Chief Justice:

Plaintiff William Andrews appeals from the denial of his petition for habeas corpus or postconviction relief which he filed in the court below pursuant to Utah Rule of Civil Procedure 65B(i).

Plaintiff and two codefendants, Pierre Dale Selby, formerly known as Dale S. Pierre, and Keith Roberts, were charged in the district court of Weber County in 1974 with three counts of first degree murder and two counts of aggravated robbery for the killings of three persons in the course of a robbery at the Hi–Fi Shop in Ogden, Utah. Plaintiff and Selby were found guilty on all of those counts and were sentenced to death on the murder counts. Roberts was convicted only of aggravated robbery and was sentenced to a prison term. Selby and Andrews appealed their convictions and sentences to this Court. We affirmed. *State v. Pierre*, 572 P.2d 1338 (Utah 1977), *reh'g denied*, 576 P.2d 857 (Utah 1978); *State v. Andrews*, 574 P.2d 709 (Utah 1977), *reh'g denied*, 576 P.2d 857 (Utah 1978). The United States Supreme Court denied certiorari in both cases in 1978. *Pierre and Andrews v. Utah*, 439 U.S. 882, 99 S.Ct. 219, 220, 58 L.Ed.2d 194 (1978).

The following month, Andrews and Selby filed petitions for postconviction relief in the district court of Salt Lake County. That court dismissed the petitions on the ground that all of the issues raised had been or could have been raised on direct appeal and thus the petitioners were barred from any postconviction review. On appeal to this Court, we affirmed after a review of the merits. *Pierre v. Morris*, 607 P.2d 812, 814 (Utah 1980); *Andrews v. Morris*, 607 P.2d 816, 821 (Utah 1980). Again, the United States Supreme Court denied certiorari. *Pierre and Andrews v. Morris*, 449 U.S. 891, 101 S.Ct. 254, 66 L.Ed.2d 120 (1980).

The following month, Selby and Andrews filed for federal habeas corpus relief in the United States District Court for the District of Utah, Central Division. That court stayed the proceedings and ordered Andrews and Selby to return to this Court to seek possible relief under our decision in

another capital case which we had then just decided. *State v. Wood,* 648 P.2d 71 (Utah 1981), *cert. denied,* 459 U.S. 988, 103 S.Ct. 341, 74 L.Ed.2d 383 (1982). We again denied both petitioners any relief, holding that our decision in *Wood* was not retroactive. *Andrews and Selby v. Morris,* 677 P.2d 81, 85 (Utah 1983). Thereupon, Andrews and Selby resumed pursuit of their federal habeas corpus petition, but the federal district court denied them all requested relief. *Andrews v. Shulsen,* 600 F.Supp. 408 (D.Utah 1984); *Selby v. Shulsen,* 600 F.Supp. 432 (D.Utah 1984). The United States Court of Appeals for the Tenth Circuit affirmed those denials at 802 F.2d 1256 and 802 F.2d 1282 (10th Cir. 1986). The United States Supreme Court denied certiorari in Selby's case on April 27, 1987. *Pierre v. Shulsen,* 481 U.S. 1033, 107 S.Ct. 1964, 95 L.Ed.2d 536 (1987). He was executed at the Utah State Prison on August 28, 1987. Andrews' petition for certiorari was denied by the United States Supreme Court on February 29, 1988. *Andrews v. Shulsen,* —— U.S. ——, 108 S.Ct. 1091, 99 L.Ed.2d 253 (1988).

On October 23, 1987, approximately four months before the United States Supreme Court denied certiorari, Andrews filed the instant petition for postconviction relief in the district court of Salt Lake County. He alleged that he was entitled to a writ discharging him from his sentence of death because the trial court committed constitutional error when it did not give the jury a lesser included offense instruction on second degree felony murder. He also alleged that this Court committed constitutional error when it failed on direct appeal to address sua sponte the trial court's failure to give such an instruction. He explained that these issues had not been raised in his direct appeal or in his earlier postconviction relief petitions because the federal and state court decisions on which his claim is based had not been decided and were not reasonably available or foreseeable at those times, he was indigent and unable to retain counsel of his choice, and his court-appointed counsel had failed to effectively research and present these arguments. The district court denied the petition, con-

cluding that Andrews could or should have raised the issues presented either on appeal or in prior postconviction petitions. The district judge concluded that the petition is "an abuse of postconviction relief and procedurally defective." Plaintiff appeals.

We do not reach the merits of the petition. Its filing is governed by Utah Rule of Civil Procedure 65B(i). Subsection (2) of that rule states in part:

The complaint shall further state that the legality or constitutionality of his commitment or confinement has not already been adjudged in a prior habeas corpus or other similar proceeding; and if the complainant shall have instituted prior similar proceedings in any court, state or federal, within the state of Utah, he shall so state in his complaint, shall attach a copy of any pleading filed in such court by him to his complaint, and shall set forth the reasons for the denial of relief in such other court. In such case, if it is apparent to the court in which the proceeding under this rule is instituted that the legality or constitutionality of his confinement has already been adjudged in such prior proceedings, the court shall forthwith dismiss such complaint, giving written notice thereof by mail to the complainant, and no further proceedings shall be had on such complaint.

Further, subsection (4) of that rule is applicable here: "All claims of the denial of any of complainant's constitutional rights shall be raised in the postconviction proceeding brought under this rule and may not be raised in another subsequent proceeding except for good cause shown therein."

We have read the briefs filed by counsel for both parties and have heard extended oral argument from them. We conclude that "good cause" has not been shown by plaintiff as to why the claims he now makes were not raised on direct appeal or in prior postconviction proceedings. We are in accord with decisions of federal courts which hold that raising issues in a petition that were not but could have been raised in a previous petition, except where good cause is shown, constitutes an abuse of the writ and requires dismissal of the

petition. *Straight v. Wainwright*, 476 U.S. 1132, 1133, 106 S.Ct. 2004, 2005, 90 L.Ed.2d 683, 684 (1986) (Powell, J., concurring); *Antone v. Dugger*, 465 U.S. 200, 206, 104 S.Ct. 962, 964, 79 L.Ed.2d 147, 152 (1984); *Woodard v. Hutchins*, 464 U.S. 377, 379–80, 104 S.Ct. 752, 753–54, 78 L.Ed.2d 541, 543–45 (1984) (Powell, J., concurring).

The dismissal of the petition is affirmed.

HALL, C.J., and STEWART, J., concur.

ZIMMERMAN, J., concurs in the result.

DURHAM, Justice (dissenting):

I dissent from the majority's decision not to reach the merits of this petition. I am persuaded that sufficient "good cause" for review is established by (1) the fact that the law regarding Andrews' right to a lesser included offense instruction at his trial has been in an unsettled and evolutionary state during at least part of the period between his conviction and this petition, *see Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980); *State v. Baker*, 671 P.2d 152 (Utah 1983); *State v. Norton*, 675 P.2d 577 (Utah 1983); *State v. Hansen*, 734 P.2d 421 (Utah 1986), and (2) the strong possibility that Andrews was entitled to a lesser included offense instruction and may have been mistakenly sentenced to death as a result of its absence. That the failure to request the instruction at trial and the failure to raise the issue until now constitute procedural defaults under the ordinary application of rule 65B(i)(2) and (4) does not change my view. The mere possibility that the death penalty may have been imposed by mistake, and may be carried out because of that mistake, is sufficient in my view to constitute "good cause" for review under the rule.

I acknowledge the devastating impact on all concerned of delays required for meticulous and time-consuming review of the fairness with which the State imposes the death penalty. Balanced against that terrible cost, however, must be the even more terrible possibility that a defendant's life may be taken without fundamental fairness and due process. To the extent that we insist on vindicating community values by community decisions to take life, we must be willing to expend whatever resources are required to guarantee that the process is fair and within constitutional bounds.

There is no suggestion in this case of deliberate withholding of claims, and I view counsel's procedural default as excusable neglect under the circumstances. Indeed, in a death penalty case, I am inclined to think such neglect, to which the defendant himself cannot have contributed, *must* be excused. I would review the petition.