**Richard L. JENSEN, Plaintiff and Appellant,**

v.

**Gary DeLAND, Director, Dept. of Corrections, Utah State Prison, State of Utah, Defendant and Appellee.**

**No. 870107.**

Supreme Court of Utah.

Dec. 29, 1989.

Rehearing Denied July 20, 1990.

Craig S. Cook, Salt Lake City, for plaintiff and appellant.

R. Paul Van Dam, Dan R. Larsen, Salt Lake City, for defendant and appellee.

HOWE, Associate Chief Justice:

Plaintiff Richard L. Jensen appeals from the dismissal of his petition for a writ of habeas corpus filed pursuant to Utah Rule of Civil Procedure 65B(i).

Plaintiff was convicted of aggravated robbery, a first degree felony under Utah Code Ann. § 76–6–302 (1978) (amended 1989). He appealed to this Court, contending that there had been a violation of Utah Rule of Evidence 404(b) at his trial through the admission of evidence of other crimes, wrongs, or acts contained in letters written by him. We affirmed his conviction in *State v. Jensen*, 727 P.2d 201 (Utah 1986).

Plaintiff subsequently filed a petition for a writ of habeas corpus, alleging three central errors: (1) ineffective assistance of counsel at trial;[1] (2) prosecutorial misconduct; and (3) court error. Defendant moved to dismiss his petition, which motion was granted by the trial court for failure to state a claim upon which relief can be granted. Plaintiff appeals, contending that he was entitled to an evidentiary hearing pursuant to Utah Rule of Civil Procedure 65B(i)(2) and (8).

I

■ At the threshold, we are confronted with the question whether plaintiff has waived his claims of error as to prosecutorial misconduct and trial court error. Specifically, he complains that the prosecutor (1) took an illegal deposition of plaintiff's alibi witness, (2) held a pretrial showing of evidence to witnesses, (3) obtained letters from plaintiff's alibi witness at an illegal deposition, (4) entered evidence without a proper showing of chain of custody, (5) objected to the introduction of evidence favorable to plaintiff, i.e., the rap sheet of a person other than plaintiff with the same

---

1. Plaintiff was represented by different attorneys at trial and on appeal.

name, (6) offered evidence to rebut prior identification of plaintiff, and (7) failed to give notice to plaintiff of the intent to call Terry Harris as a prosecution witness. As for court error, plaintiff asserts that the trial judge (1) allowed an improper offer of evidence by the prosecution (mugshot and hat), (2) allowed the taking and admission of an illegal deposition, (3) failed to instruct the jury as to the purpose of letters admitted into evidence, and (4) sentenced plaintiff to an enhanced term without filing a complaint or otherwise giving notice.

All of these claims of misconduct and error could have been raised on plaintiff's direct appeal. *State v. Jensen,* 727 P.2d 201 (Utah 1986). We have repeatedly held that postconviction relief cannot be used to circumvent the regular appellate process. *Andrews v. Shulsen,* 773 P.2d 832, 833–34 (Utah 1988); *State v. West,* 765 P.2d 891, 898 n. 4 (Utah 1988) (Hall, C.J., dissenting); *Bundy v. DeLand,* 763 P.2d 803, 804 (Utah 1988); *Wells v. Shulsen,* 747 P.2d 1043, 1044 (Utah 1987) (per curiam); *Lopez v. Shulsen,* 716 P.2d 787, 788 (Utah 1986); *Codianna v. Morris,* 660 P.2d 1101, 1104–05 (Utah 1983); *Boggess v. Morris,* 635 P.2d 39, 42 (Utah 1981); *Brown v. Turner,* 21 Utah 2d 96, 440 P.2d 968, 969 (Utah 1968). In *Codianna v. Morris,* 660 P.2d at 1104, we stated that allegations of error occurring at trial must be raised on appeal or they are waived unless unusual circumstances exist:

> It is therefore well settled in this state that allegations of error that could have been but were not raised on appeal from a criminal conviction cannot be raised by habeas corpus or postconviction review, except in unusual circumstances.

In *Brown v. Turner,* 21 Utah 2d at 98–99, 440 P.2d at 969, we explained:

> [Habeas corpus] is an extraordinary remedy which is properly invocable only when the court had no jurisdiction over the person or the offense, or where the requirements of law have been so disregarded that the party is substantially and effectively denied due process of law, or where some such fact is shown that it would be unconscionable not to re-examine the conviction. *If the conten-*

*tion of error is something which is known or should be known to the party at the time the judgment was entered, it must be reviewed in the manner and within the time permitted by regular prescribed procedure, or the judgment becomes final and is not subject to further attack, except in some such unusual circumstance as we have mentioned above.* Were it otherwise, the regular rules of procedure governing appeals and the limitations of time specified therein would be rendered impotent.

(Emphasis added, footnote omitted.) Since plaintiff's complaints of prosecutorial misconduct and trial court error were known to him and his appellate counsel and could have been raised on his appeal to this Court but were not, they have been waived. No unusual circumstances have been pointed out to escape that result.

## II

■ Plaintiff has explained his failure to raise on appeal his complaint of ineffective assistance of trial counsel. In an unsworn written statement drafted by plaintiff and interlineated and signed by his appellate counsel, counsel states that he advised plaintiff not to raise the ineffectiveness-of-counsel claim on direct appeal. The statement reflects that plaintiff and his attorney understood the risk that waiver might be raised later. The statement reads:

> I, Earl Xiaz, the Attorney in the above Affidavit state: That I realize that my Client may not use the remedy of a Habeas Corpus as a substitute for a Direct Appeal. That a petitioner cannot raise issues in a Habeas proceeding that could or should have been raised on Direct Appeal.
>
> My Client has had the desire to raise other issues like Ineffectiveness of Counsel, but I have discouraged him from going in that direction because there is nothing in the record to support the claim. Thus, an evidentiary hearing is required in which trial counsel should be called as a witness. They do not fit the rules for Direct Appeal points.

My Client under my direction had left this point out because I have advised him to. If at a later date there arises a controversy from another court, I take full responsibility for my Clients' failure to bring up this point.

I will be available at any time to answer any questions as to my judgements in Richard L. Jensen's Supreme Court Appeal or any other remedy.

Furthermore, during the hearing on the State's motion to dismiss plaintiff's petition, plaintiff explained that he had attempted to raise the issue on direct appeal, but his counsel refused. Plaintiff characterizes his counsel's refusal as an "unusual circumstance."

In the recent case of *Fernandez v. Cook,* 783 P.2d 547, 549 (1989), this Court held that because the defendant's trial attorney represented him on his first appeal, it was unreasonable to expect that attorney to raise the issue of his own ineffectiveness at trial on direct appeal. Such unusual circumstances made the defendant's habeas corpus petition his first and only means to raise the ineffectiveness issue. *Id.* at 549. We held that the district court erred in dismissing his petition without a hearing on the merits. *Id.*

In the instant case, the written statement clearly shows that the claim of ineffectiveness of trial counsel was deleted from plaintiff's direct appeal solely because of the advice of his appellate counsel that the claim could not properly be raised then. Under these circumstances, there was no waiver by plaintiff of that claim. In a somewhat similar situation, in *Palmer v. Dermitt,* 102 Idaho 591, 635 P.2d 955, 960 (1981), the plaintiff in a petition for post-conviction relief failed to raise issues of perjured testimony, manufactured evidence, and ineffective assistance of his prior post-conviction counsel due to the deletion of those issues from the plaintiff's original pro se petition by his court-appointed attorney without the knowledge or consent of the plaintiff. The Idaho court held that the omission of those issues was not an active, voluntary choice by the plaintiff.

We conclude that plaintiff has not voluntarily waived his right to raise the ineffectiveness-of-counsel claim in his petition. An evidentiary hearing is appropriate here in light of appellate counsel's clear advice at the time the appeal was taken that the issue could not appropriately be raised on appeal. Although the State argues that plaintiff has failed to raise a claim of constitutional magnitude, we pointed out in *Bundy v. DeLand,* 763 P.2d 803, 805 (Utah 1988), that if counsel's deficiencies were sufficiently grievous to deprive the plaintiff of effective assistance of counsel, they constitute a violation of due process that is clearly reviewable by habeas corpus review. *See also Fernandez v. Cook,* 783 P.2d at 549; *Martinez v. Smith,* 602 P.2d 700, 702 (Utah 1979). By our decision today, we do not suggest or imply that a criminal defendant may strategically abstain from raising an ineffective-assistance of-counsel claim which could be reviewed on direct appeal. We do not and will not sanction manipulation of that sort.

It is impossible for us now to adequately review plaintiff's sixteen claims of ineffectiveness without an adequate record. *See Codianna v. Morris,* 660 P.2d 1101, 1109 (Utah 1983); *see also Johnson v. Morris,* 645 P.2d 51, 52 (Utah 1982) (per curiam). We therefore remand to the district court for an evidentiary hearing on this issue alone, applying the test outlined in *Strickland v. Washington,* 466 U.S. 668, 690–92, 104 S.Ct. 2052, 2066–67, 80 L.Ed.2d 674, 695–96, *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), and *Bundy v. DeLand,* 763 P.2d at 805.

DURHAM and ZIMMERMAN, JJ., concur.

HALL, C.J., and STEWART, J., concur in the result.