**Eugene Reed BENNETT, Plaintiff and Appellant,**

v.

**Tamara HOLDEN, Warden, Defendant and Appellee.**

No. 950142.

Supreme Court of Utah.

Feb. 14, 1997.

---

1. This is rather surprising, considering that the trial court itself concluded that Union Pacific did *not* prevail.

J. Thomas Bowen, Salt Lake City, for Plaintiff and Appellant.

Jan Graham, Atty. Gen., Joanne C. Slotnik, Kris Leonard, Asst. Attys. Gen., Salt Lake City, for Defendant and Appellee.

ZIMMERMAN, Chief Justice:

Plaintiff Eugene Reed Bennett appeals a district court order denying his petition for a writ of habeas corpus. Bennett contends that this court should vacate the denial of his writ and remand for further proceedings because critical evidence has been discovered that was relevant to the issues before the habeas court but had been misplaced by court officials and, for that reason, had not been considered by the habeas corpus court. We vacate the denial of the writ and remand the case to the district court for reconsideration in light of the newly discovered evidence.

In June of 1991, Bennett pleaded not guilty to charges of sodomy and rape of a child. A jury convicted Bennett of three first degree felonies for acts of rape and sodomy. On November 25, 1991, Bennett was sentenced to concurrent minimum mandatory terms of ten years in the Utah State Prison on each of the three counts.

To appeal his conviction, Bennett was required to comply with rule 4 of the Utah Rules of Appellate Procedure, which states:

In a case in which an appeal is permitted as a matter of right from the trial court to the appellate court, the notice of appeal required ... shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.

To meet the thirty-day deadline of rule 4, Bennett had to file a notice of appeal with the clerk of the district court by December 25, 1991. No appeal was taken.

On July 8, 1992, Bennett filed a pro se petition for extraordinary relief pursuant to rule 65B of the Utah Rules of Civil Procedure. His primary allegation was ineffective assistance of counsel. Bennett also moved the court for appointment of new counsel. The substance of Bennett's ineffectiveness claim was that his former counsel (1) failed to adequately investigate; (2) failed to adequately prepare for trial; (3) failed to call witnesses requested by Bennett; (4) made a frivolous motion to dismiss; (5) failed to make objections during trial; and (6) refused to file a notice of appeal.

Judge Pat B. Brian appointed attorney Jimi Mitsunaga to represent Bennett and then held an evidentiary hearing on Bennett's petition. At that hearing, Bennett's counsel argued that the ninety-day statute of limitations on habeas corpus actions, contained in section 78–12–31.1 of the Utah Code, should not have begun to run until March of 1992 because Bennett did not know of grounds for the petition until that time. He also argued that Bennett had sought to have a timely appeal filed but that his lawyer had declined to act on his request. The lawyer testified that no such request was ever made. After the hearing, the court dismissed Bennett's petition on two grounds. First, the court found that Bennett filed his writ of habeas corpus after the expiration of section 78–12–31.1's ninety-day statute of limitations. Second, the court found that Bennett knew about his right to appeal but he had waived that right because "[he] did not appeal, nor did he ask his attorney to file an appeal, nor did he make diligent efforts to file an appeal, either on his own or through counsel." In making these findings, the court stated that "[t]he burden is clearly on the petitioner to initiate the appellate process, either by letter, by phone call, or by filing notice of appeal, himself" and that Bennett had failed to do so.

In July of 1994, following the court of appeals' decision holding section 78–12–31.1's ninety-day limitations period unconstitution-

al,[1] Bennett, acting pro se, filed a second petition for habeas corpus relief. Judge Medley was assigned to decide that matter. Following a brief hearing on November 28, 1994, Judge Medley entered findings of fact and conclusions of law. In so doing, Judge Medley adopted the findings of fact made by Judge Brian in Bennett's first habeas corpus proceeding, including those that pertained to Bennett's waiver of his initial appeal by his failure to take steps to perfect the appeal, either in person or by requesting that his lawyer prepare the necessary papers. In making these findings, Judge Medley stated, "I know of no reason why I ought to now not adopt [Judge Brian's] findings and revisit an issue that has already been decided through the course of a habeas petition previously filed." Judge Medley dismissed the second petition on the ground that it was still procedurally barred because Bennett failed to file a direct appeal or an appeal from the dismissal of his first postconviction action.

Bennett obtained counsel during the course of appealing from Judge Medley's order. While preparing the appeal papers, Bennett's new counsel discovered a letter dated October 25, 1991, that Bennett had written to the Third District Court. The letter provided in pertinent part:

> I have been incarcerated since May 28, 1991. I have also been appointed a loyer (Allen Jeppsen) whom I have on several accasions tryed to contact him, but wasent in or didn't wont to talk to me, or was unable to secudle me in any of his appointments, so I would also ask that I be appointed a loyer from Salt Lake. In doing so I also ask to apply for an appeal. . . .

Although the letter is marked with the court clerk's date stamp indicating that it was filed on December 13, 1991, at 4:56 p.m., the document was apparently misplaced after it was received by the clerk's office. This is indicated by the affidavit of Attorney Mitsunaga, presented to this court on appeal, which states that the letter did not find its way into Bennett's original criminal case file until after his first postconviction habeas cor-

pus proceeding was concluded. Mitsunaga states that he did not know of the existence of the letter and therefore could not present this evidence at the hearing before Judge Brian. Mitsunaga also states that had he known about Bennett's letter, he would have raised the issue with Judge Brian and would have also sought to pursue a direct appeal of Bennett's conviction.

The letter in question was never presented in either of Bennett's two postconviction hearings, apparently because court personnel misplaced it. Although written on October 25, 1991, and date stamped on December 13, 1991, the letter now appears in the 1992 habeas corpus file between two documents dated July 8, 1992, and December 15, 1992. Bennett now seeks to vacate Judge Medley's order on the ground that had Judge Medley been presented with the letter, he would have had to revisit Judge Brian's factual finding that Bennett did not attempt to lodge a timely appeal. This finding was essential to both Judge Brian's and Judge Medley's findings of waiver.

■ We therefore vacate Judge Medley's order and remand the case so that he can hear evidence concerning the October 25, 1991, letter and consider its relevance to the waiver question. The first issue to which it would be relevant is the factual question of whether Bennett unsuccessfully attempted to get his trial lawyer to file an appeal. The evidence would also be relevant to the question of whether Bennett had successfully perfected his own appeal. This involves interpreting Bennett's letter to determine whether it was (1) an attempt to file an appeal, or (2) an attempt to file a petition for a writ of habeas corpus.

■ If the trial court determines that the letter was a notice of appeal under rule 26 of the Utah Rules of Criminal Procedure, it should reinstate the appeal because the letter was filed within the required thirty days. *See* Utah R.Crim.P. 26(4)(a). If, on the other hand, the trial court determines that the letter was an attempt to file a petition for

---

1. *Currier v. Holden,* 862 P.2d 1357 (Ct.App.1993), cert. denied sub nom. *McClellan v. Holden,* 870    P.2d 957 (Utah 1994).

habeas corpus, the initial petition was properly dismissed because it was premature.[2] The trial court's decision is therefore vacated and the case remanded for reconsideration of this issue in light of the newly discovered letter.[3]

HOWE, DURHAM and RUSSON, JJ., concur in Chief Justice ZIMMERMAN'S opinion.

STEWART, Associate C.J., does not participate herein.

**2.** It is well settled that habeas corpus cannot be used to circumvent regular appellate review. *Gerrish v. Barnes*, 844 P.2d 315, 319 (Utah 1992); *Jensen v. DeLand*, 795 P.2d 619, 620 (Utah 1989); *Brown v. Turner*, 21 Utah 2d 96, 440 P.2d 968, 969 (1968). In *Codianna v. Morris*, we stated that allegations of error occurring at trial must be raised on appeal or they are waived unless unusual circumstances exist. 660 P.2d 1101, 1104 (Utah 1983).

**3.** Because this matter is remanded, we need not address Bennett's other issues on appeal.