440 P.2d 968

**Chester B. BROWN, Plaintiff and Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 11096.**

Supreme Court of Utah.

May 10, 1968.

Ronald N. Boyce, Salt Lake City, of Salt Lake County Bar Legal Services, Inc., for appellant.

Phil L. Hansen, Atty. Gen., Salt Lake City, for respondent.

CROCKETT, Chief Justice:

Chester B. Brown appeals from a judgment of the District Court in a habeas corpus proceeding denying his release from the Utah State Prison. He seeks to overturn the judgments and sentences in two cases: the first a sentence of not to exceed five years imposed in March, 1963, pursuant to his plea of guilty to a bad-check charge, and the second imposed April, 1966, pursuant to his plea of guilty to a charge of grand larceny.

Plaintiff makes two contentions: (1) that his right to counsel was not accorded him, and (2) that he was not properly advised of the consequences of his plea of guilty.

This is another in the constantly increasing number of habeas corpus proceedings brought to obtain release from prison years after the original trial and after the time for appeal has long since passed.[1] In approaching the problems here presented it is appropriate to have in mind the proper scope and the limitations upon the use of habeas corpus after conviction. It is not a substitute for and cannot properly be treated as a regular appellate review.[2] It is an extraordinary remedy which is properly invocable only when the court had no jurisdiction over the person or the offense, or where the requirements of law have been so disregarded that the party is substantially and effectively denied due process of law, or where some such fact is shown that it would be unconscionable not to re-examine the conviction.[3] If the contention of error is something which is known or should be known to the party at the time the judgment was entered, it must be reviewed in the manner and within the time permitted by regular prescribed procedure, or the judgment becomes final and is not subject to further attack, except in some such unusual circumstance as we have mentioned above. Were it otherwise, the

1. See statement in Sinclair v. Turner, 20 Utah 2d 126, 434 P.2d 305.
2. See Discussion by Justice Murphy in Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356.
3. See Bryant v. Turner, 19 Utah 2d 284, 431 P.2d 121, and authorities therein cited.

regular rules of procedure governing appeals and the limitations of time specified therein would be rendered impotent.

If the established rules of procedure are followed they assure ample protection of the rights of one who is accused of crime.[4] After this has been done and a judgment has been rendered all presumptions favor its validity and the burden of showing to the contrary is upon one who attempts to upset it. When such an attempt is made the administration of justice is best served by directing the inquiry to this foundational question: Was substantial justice done and has guilt been established? While on the one hand we honor the observance of the rights of the individual in order to protect the innocent, on the other we cannot be oblivious to the necessity of protecting rights of the public to be kept safe from crime by encouraging effective law enforcement.

When a person has been duly convicted of a crime it is not the purpose of the law, nor the proper function of the courts, to be hypercritical in scrutinizing proceedings in an effort to discover some basis for relieving him from the penalty the law demands and the possibility of rehabilitation because of some technical defect or irregularity which had no actual adverse effect upon his rights or the outcome of the proceedings.

We turn attention to the issues raised by the plaintiff in the light of the principles we have discussed above as they apply to the particular facts of this case. In this connection it should also be kept in mind that the questions as to whether he was accorded the right of counsel and was properly advised as to the consequences of his plea of guilty are primarily questions of fact. The trial court having heard the evidence relating thereto and having found the issues against the plaintiff, it is our further duty to indulge the usual credit due his findings and judgment.[5]

In March of 1963, when the plaintiff plead guilty to the bad-check charge before Judge Parley Norseth in Weber County, he was a man 51 years old who had seven times been convicted and sentenced to the Utah State Prison. He admits that he was told that he could have counsel if he so desired, but the complaint he makes is that Judge Norseth did not tell him that he would appoint an attorney if he could not afford to hire one, nor what the maximum sentence for the offense was.[6] It is not disputed that the judge advised him that he

---

4. See Utah Constitution, Art. I, Sec. 12; Secs. 77–1–8 to 77–1–10, U.C.A.1953.
5. See State v. Knepper, 18 Utah 2d 215, 418 P.2d 780.

6. See Sec. 77–24–6, U.C.A.1953, which requires that the accused be advised of the consequences of a plea of guilty; cf. also State v. Banford, 13 Utah 2d 63, 368 P. 2d 473, 97 A.L.R.2d 547, where there are significant differences in the facts.

was charged with a felony, that it was punishable by a prison sentence, and he had a right to a trial by jury; nor that the plaintiff indicated his desire to waive trial and enter a plea of guilty. Furthermore, in his questioning in the instant proceeding, plaintiff admitted that he had had court-appointed counsel in two of his prior cases and that he knew that he could have had court-appointed counsel if he had asked for one.

In view of the circumstances here shown, including the defendant's experience and the fact that he had previously been sentenced on the same charge, his contention that he was not advised of the consequences of his plea of guilty is quite incredible.[7] The record provides a reasonable basis to support Judge Croft's finding in this case that the "plaintiff was given adequate notice of his right to counsel, that he understandingly waived that right, and that he was correctly told the consequences of his plea."

The plaintiff's other contention that he was not accorded his rights in connection with the 1966 judgment and

sentence by Judge Marcellus K. Snow in Salt Lake County is even less meritorious and deserves but brief comment. In that case he was charged with two offenses: robbery, penalty five years to life, and grand larceny, penalty one to ten years. He was represented by competent counsel who conferred with the district attorney and with the court, after which the plaintiff, with full knowledge of the facts, willingly entered into an arrangement to plead guilty to grand larceny upon dismissal of the robbery charge. It appears to us that Judge Snow actually exercised commendable care in making sure that plaintiff understood the consequences of waiving a trial by jury and the entering of a plea of guilty.

We have been shown nothing to persuade us that the trial court was in error in finding that the plaintiff's rights were properly safeguarded and that the judgments and sentences in the cases herein discussed were lawful.

Affirmed. No costs awarded.

CALLISTER, HENRIOD, TUCKETT, and ELLETT, JJ., concur.

---

7. That the court is not compelled to believe self-interested witness, see State v. Knepper, footnote 4 above; and Aagard v. Dayton & Miller Red-E-Mix Concrete Co., 12 Utah 2d 34, 361 P.2d 522.