**Claude A. BUNDY, Plaintiff and Appellant,**

**v.**

**Gary DELAND, Director, Utah State Department of Corrections, et al., Defendants and Appellees.**

**No. 870016.**

Supreme Court of Utah.

Oct. 26, 1988.

---

Claude A. Bundy, Draper, pro se, and Philip G. Jones, Orem, for plaintiff and appellant.

David L. Wilkinson and Kimberly K. Hornak, Salt Lake City, for defendants and appellees.

HOWE, Associate Chief Justice:

Plaintiff Claude A. Bundy appeals the denial of his petition for a writ of habeas corpus.

In January 1983, plaintiff was convicted of rape and forcible sodomy and sentenced to a term of five years to life at the Utah State Prison. The victim, who was under the age of fourteen, was the sister of plaintiff's wife and was babysitting for plaintiff and his wife at the time of the incidents. Following an appeal to this Court, the convictions were affirmed. *State v. Bundy*, 684 P.2d 58 (Utah 1984).

Plaintiff subsequently filed this petition for a writ of habeas corpus, alleging numerous trial errors, including the following: (1) plaintiff's wife was improperly allowed to testify against him; (2) opinion testimony of a police officer, Scott Welby, was improperly admitted into evidence; (3) certain remarks by the prosecutor were inflammatory; and (4) plaintiff was denied the effective assistance of counsel. The district court held an evidentiary hearing and, based on the testimony and evidence presented, denied the petition on November 8, 1986.

I

The first three alleged errors either were raised and resolved or could have been raised on direct appeal. Accordingly, we are precluded under basic principles of appellate review from addressing them now. Habeas corpus proceedings may be used to attack a judgment or conviction in the event of an obvious injustice or a substantial and prejudicial denial of a constitutional right in the trial of a matter; however, postconviction relief may not be used as a substitute for regular appellate review. *Wells v. Shulsen*, 747 P.2d 1043, 1044 (Utah 1987) (per curiam); *Lopez v. Shulsen*, 716 P.2d 787, 788 (Utah 1986); *Codianna v. Morris*, 660 P.2d 1101, 1104–05 (Utah 1983); *Brown v. Turner*, 21 Utah 2d 96, 440 P.2d 968 (1968).

In *Codianna v. Morris*, this Court clearly emphasized the standards for habeas corpus review:

> It is therefore well settled in this state that allegations of error that could have been but were not raised on appeal from a criminal conviction cannot be raised by habeas corpus or postconviction review, except in unusual circumstances.

A much-quoted statement of the type of errors that are and are not cognizable by habeas corpus is the following from this Court's unanimous opinion in *Brown v. Turner*, 21 Utah 2d 96, 98–99, 440 P.2d 968, 969 (1968) (Crockett, C.J.):

> [Habeas corpus] is an extraordinary remedy which is properly invocable only when the court had no jurisdiction over the person or the offense, or where the requirements of law have been so disregarded that the party is substantially and effectively denied due process of law, or where some such fact is shown that it would be unconscionable not to re-examine the conviction. *If the contention of error is something which is known or should be known to the party at the time the judgment was entered, it must be reviewed in the manner and within the time permitted by regular*

*prescribed procedure, or the judgment becomes final and is not subject to further attack, except in some such unusual circumstance as we have mentioned above.* Were it otherwise, the regular rules of procedure governing appeals and the limitations of time specified therein would be rendered impotent.

*Codianna v. Morris,* 660 P.2d at 1104–05 (bracketed material and emphasis in original). Justice demands that a convicted defendant have an opportunity to appeal in timely fashion, but once the appellate process has concluded, society's interest in the effectiveness and integrity of the criminal justice system requires a finality of judgment that should severely limit repetitive appeals and collateral attacks. *Boggess v. Morris,* 635 P.2d 39, 41 (Utah 1981). "If the established rules of procedure are followed they assure ample protection of the rights of one who is accused of crime." *Brown v. Turner,* 21 Utah 2d at 99, 440 P.2d at 969.

## II

Plaintiff next contends that he was denied effective assistance of counsel, alleging nine specific instances where his counsel's conduct was unconstitutionally deficient: (1) failing to effectively cross-examine Officer Scott, (2) improperly consenting to allow plaintiff's wife to testify, (3) failing to call certain witnesses, (4) failing to present evidence that plaintiff did not have a venereal disease, (5) failing to present evidence attacking the credibility of the victim, (6) failing to object to the jury composition, (7) failing to make timely objections, (8) failing to cooperate with plaintiff, and (9) being inebriated at trial.

As discussed in section I of this opinion, the habeas corpus remedy is properly invocable "where the requirements of law have been so disregarded that the party is substantially and effectively denied due process." *Brown v. Turner,* 21 Utah 2d at 98, 440 P.2d at 969; *Codianna v. Morris,* 660 P.2d at 1105. If counsel's deficiencies were sufficiently grievous to deprive plaintiff of the effective assistance of counsel, they constitute a violation of due process that is clearly reviewable by habeas corpus review. While several of these claims might reasonably have been raised on direct appeal under the *Brown v. Turner/Codianna v. Morris* standard, we are now in the most appropriate position to review the claims in that a record was established in the evidentiary hearing below.

On appeal from denial of habeas corpus relief, "we survey the record in the light most favorable to the findings and judgment; and we will not reverse if there is a reasonable basis therein to support the trial court's refusal to be convinced that the writ should be granted." *Velasquez v. Pratt,* 21 Utah 2d 229, 232, 443 P.2d 1020, 1022 (1967); *see also Richardson v. Sullivan,* 700 P.2d 534, 537 (Colo.1985); *Schad v. Turner,* 27 Utah 2d 345, 347, 496 P.2d 263, 264–65 (1972); *Maxwell v. Turner,* 20 Utah 2d 163, 165, 435 P.2d 287, 288 (1967). In denying habeas corpus relief, the district court found plaintiff's claims to be without merit. After thorough review of the record, we agree.

In *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), the United States Supreme Court established the standard for determining ineffective assistance of counsel at trial. To prevail, a defendant must show, first, that his counsel rendered a deficient performance in some demonstrable manner, which performance fell below an objective standard of reasonable professional judgment and, second, that counsel's performance prejudiced the defendant. We applied that standard in *State v. Speer,* 750 P.2d 186 (Utah 1988); *State v. Frame,* 723 P.2d 401, 405 (Utah 1986); *State v. Geary,* 707 P.2d 645, 646 (Utah 1985). In those cases, we followed the course advised by the United States Supreme Court in *Strickland*:

[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by defendant as a result of the alleged deficiencies.... If it is easier to dispose of

an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

466 U.S. at 697, 104 S.Ct. at 2069.

 As to each of plaintiff's ineffectiveness claims, he has argued that the alleged error had "some conceivable effect" on the outcome of the trial. He has only speculated as to whether the alleged errors had any prejudicial effect on the jury. He has failed to demonstrate that but for the errors, it is reasonably probable that the result would have been different. *State v. Frame, supra.* In other words, he has failed to establish the likelihood that absent the errors, the jury would not have found him guilty.

Even if plaintiff had carried his burden to establish prejudice, we cannot say that based on the record counsel's performance fell below an objective standard of reasonable professional judgment. "Trial tactics lie within the prerogative of counsel and may not be dictated by his client. Decisions as to what witnesses to call, what objections to make, and, by and large, what defenses to interpose, are generally left to the professional judgment of counsel." *State v. Wood,* 648 P.2d 71, 91 (Utah), *cert. denied,* 459 U.S. 988, 103 S.Ct. 341, 74 L.Ed.2d 383 (1982). Thus, the evidence supports the district court's findings and conclusions that plaintiff's claims are without merit, including the claim that his counsel was inebriated at trial. Plaintiff's conviction was firmly based on evidence establishing his guilt beyond a reasonable doubt.

### III

 Finally, plaintiff contends that even if none of his claims taken separately would have prevented his conviction, the cumulative effect of the assigned errors constitutes grounds for relief. We disagree. " 'Cumulative error' refers to a number of errors which prejudice [a] defendant's rights to a fair trial." *State v. Ellis,* 748 P.2d 188 (Utah 1987); *State v. Rammel,* 721 P.2d 498, 501–02 (Utah 1986) (citation omitted). Because we hold that no substantial errors were committed, the con-

cept of cumulative error does not apply. *Ellis,* 748 P.2d at 191.

We have thoroughly reviewed the transcript and record below and hold that plaintiff received a fair trial where his rights were adequately protected.

AFFIRMED.

HALL, C.J. and STEWART, DURHAM and ZIMMERMAN, JJ., concur.