Anastacio **FERNANDEZ, Jr.,** Plaintiff and Appellant,

v.

Gerald L. **COOK,** Warden, Utah State Prison, Department of Corrections, State of Utah, Defendant and Appellee.

Nos. 880339, 880353.

Supreme Court of Utah.

Nov. 16, 1989.

548

Robert M. Archuleta, Salt Lake City, for plaintiff and appellant.

R. Paul Van Dam, Dan R. Larsen, Salt Lake City, for defendant and appellee.

ZIMMERMAN, Justice:

Plaintiff Anastacio Fernandez, Jr., convicted of two counts of rape of a child, appeals from a district court dismissal of his petition for a writ of habeas corpus. In his petition, Fernandez sought a new trial on the ground that he was denied effective assistance of counsel at trial and denied a trial by an impartial jury in violation of several constitutional guarantees. The district court determined that the issues raised in the habeas corpus petition could have been raised on direct appeal, found no unusual circumstances in this case that would justify the failure to have done so,

and therefore, dismissed the petition. Fernandez appeals, arguing that the district court erred in finding that circumstances did not excuse his failure to raise his challenge on direct appeal. We agree and reverse and remand the matter to the district court.

In April of 1986, Fernandez was arrested and charged with two felony counts of rape of a child. Utah Code Ann. § 76–5–402.1 (Supp.1989). Fernandez was convicted of both counts at the conclusion of a two-day jury trial and was sentenced to two consecutive fifteen-year prison terms. His trial counsel handled the appeal. Only the trial court's sentencing decision was challenged. This Court held that the imposition of two consecutive fifteen-year terms was an abuse of discretion, vacated the sentence, and directed the trial court to resentence Fernandez to concurrent terms of imprisonment. In November of 1987, the trial court resentenced Fernandez to two concurrent fifteen-year terms.

Fernandez next filed a *pro se* appeal from the new sentencing order. However, in February of 1988, shortly before his appeal brief was due, Fernandez secured counsel, who stipulated to a voluntary dismissal of the appeal pursuant to rule 37(b) of the Rules of the Utah Supreme Court. R. Utah S.Ct. 37(b).[1] In April of 1988, Fernandez's new counsel filed a petition for habeas corpus in the third judicial district under Utah Rule of Civil Procedure 65B(i).[2]

---

1. Rule 37(b) provides:
   If the parties to an appeal or other proceeding shall sign and file with the clerk an agreement that the proceeding be dismissed, specifying the terms as to payment of costs, and shall pay whatever fees are due, the clerk shall enter an order of dismissal, unless otherwise directed by the court. No remittitur shall issue without an order of the court. An appeal may be dismissed on motion of the appellant upon such terms as may be agreed upon by the parties or fixed by the court. R. Utah S.Ct. 37(b).

2. Rule 65B(i) provides in part:
   (1) Any person imprisoned in the penitentiary or county jail under a commitment of any court, whether such imprisonment be under an original commitment or under a commitment for violation of probation or parole,

who asserts that in any proceedings which resulted in his [or her] commitment there was a substantial denial of his [or her] rights under the Constitution of the United States or of the state of Utah, or both, may institute a proceeding under this rule.
   . . . .
   (2) The complaint shall state that the person seeking relief is illegally restrained of his [or her] liberty by the defendant; shall state the place where he [or she] is so restrained; shall state the dates of and identify the proceedings in which the complainant was convicted and by which he [or she] was subsequently confined and of which he [or she] now complains; and shall set forth in plain and concise terms the factual data constituting each and every manner in which the complainant claims that any constitutional rights were violated. The complaint shall have at-

In the petition, Fernandez argued that he was entitled to a new trial because his constitutional right to a fair trial had been violated. In particular, he claimed that he was denied effective assistance of counsel and that he was not tried before an impartial jury. The State responded with a motion to dismiss the habeas corpus petition. It contended that except under "unusual circumstances," Fernandez could not use such a petition to raise issues that could or should have been raised on direct appeal. *Brown v. Turner*, 21 Utah 2d 96, 98, 440 P.2d 968, 969 (1968). It argued that no unusual circumstances existed in this case. The district court agreed with the State and dismissed the petition. Fernandez appeals.

▉ In considering an appeal from a dismissal of a petition for a writ of habeas corpus, no deference is accorded the lower court's conclusions of law that underlie the dismissal of the petition. We review those for correctness. *See State v. Mitchell*, 779 P.2d 1116, 1118 (Utah 1989); *State v. Arroyo*, 770 P.2d 153, 154–55 (Utah Ct.App. 1989); *cf. Branam v. Provo School Dist.*, 780 P.2d 810, 811 (Utah 1989); *Nephi City v. Hansen*, 779 P.2d 673, 674 (Utah 1989).

▉ The district court correctly apprehended the general rule governing applications for habeas corpus. Habeas corpus proceedings may be used to attack a judgment or conviction on the ground that an obvious injustice or a substantial denial of a constitutional right occurred at trial. *Bundy v. DeLand*, 763 P.2d 803, 804 (Utah 1988); *Brown v. Turner*, 21 Utah 2d at 98–99, 440 P.2d at 969. And in the ordinary case, a party may not raise issues in a

habeas corpus petition that could or should have been raised on direct appeal. *See, e.g., DeLand*, 763 P.2d at 804; *Wells v. Shulsen*, 747 P.2d 1043, 1044 (Utah 1987) (per curiam); *Codianna v. Morris*, 660 P.2d 1101, 1104–05 (Utah 1983); *Brown v. Turner*, 21 Utah 2d at 98–99, 440 P.2d at 969. However, where unusual circumstances are present that justify the failure to raise the issue on direct appeal, a court may entertain such a claim raised for the first time in the habeas corpus petition.

Fernandez does not dispute these general principles. He simply contends that his habeas corpus petition presented unusual circumstances warranting invocation of the exception and entitling him to a hearing on the merits of his claim. Specifically, he asserts that his allegedly incompetent trial attorney represented him on his first direct appeal and that it is unreasonable to expect that attorney to raise the issue of his own incompetence. Under such circumstances, Fernandez contends, the habeas corpus petition was the first and only means for him to raise the present challenges to his conviction.

Our decision in *DeLand* supports Fernandez's claim that an ineffective assistance of counsel claim can properly be raised for the first time via habeas corpus when the allegedly incompetent counsel handled the trial and the direct appeal. There, the petitioner had been convicted of rape and forcible sodomy and took a direct appeal to this Court. We affirmed the conviction. *State v. Bundy*, 684 P.2d 58 (Utah 1984). He then filed a habeas corpus petition raising for the first time an inef-

---

tached thereto affidavits, copies of records, or other evidence supporting such allegations, or shall state why the same are not attached.

The complaint shall also state whether or not the judgment of conviction that resulted in the confinement complained of has been reviewed on appeal, and if so, shall identify such appellate proceedings and state the results thereof.

The complaint shall further state that the legality or constitutionality of his [or her] commitment or confinement has not been adjudged in a prior habeas corpus or other similar proceeding; and if the complainant shall have instituted prior similar proceedings in

any court, state or federal, within the state of Utah, he [or she] shall so state in his [or her] complaint, shall attach a copy of any pleading filed in such court by him [or her] to his [or her] complaint, and shall set forth the reasons for the denial of relief in such other court. In such case, if it is apparent to the court in which the proceeding under this rule is instituted that the legality or constitutionality of his [or her] confinement has already been adjudged in such prior proceedings, the court shall forthwith dismiss such complaint, giving written notice thereof by mail to the complainant, and no further proceedings shall be had on such complaint.

fective assistance of counsel claim. The district court held an evidentiary hearing and denied the petition. An appeal was taken from that denial. We upheld the denial of the petition, but approved of the district court's holding an evidentiary hearing on the merits of the claim of ineffective assistance of counsel.

The present case is indistinguishable from *DeLand*. The sixth amendment right to effective assistance of counsel is imperiled if an alleged violation of that right cannot be raised for the first time in a habeas corpus proceeding when the allegedly ineffective trial counsel also represented the defendant on appeal and failed to raise the issue at that stage. In such a situation, the unusual circumstances required to avoid the bar of collateral attack are present. We therefore hold that because his trial counsel was also his counsel on direct appeal, Fernandez is not barred from using habeas corpus to raise the ineffective assistance of counsel claim.[3] The district court erred in dismissing his petition without a hearing on the merits.

The district court did not distinguish between Fernandez's ineffective assistance of

counsel claim and his biased jury claim in dismissing his petition for a writ of habeas corpus. Unless the failure to raise the biased jury claim on direct appeal is grounded on the assertion of ineffective assistance of counsel, that claim could have been raised on direct appeal and cannot now be raised in a habeas corpus petition.

We reverse the district court's dismissal of Fernandez's petition for a writ of habeas corpus and remand for an evidentiary hearing on Fernandez's claim that his sixth amendment right to effective assistance of counsel at trial was violated. Because we cannot determine the exact relationship between the biased jury claim and the ineffective assistance claim, we remand that issue to the district court for further consideration.

HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur.

HALL, Chief Justice (dissenting):

I do not join the opinion of the Court because I do not agree that the issue of ineffectiveness of trial counsel could not have been raised as part of the second appeal. Rather, I am of the view that the issue could and should have been raised in

---

Utah R.Civ.P. 65B(i)(1), (2).

**3.** Both the State and the district court apparently assumed that Fernandez could and should have raised the arguments now made in his habeas corpus petition in the *pro se* appeal that he filed after resentencing. This assumption is erroneous. The only direct appeal in which the ineffective assistance of counsel and biased jury claims could have properly been raised was the appeal taken immediately after Fernandez's conviction—the appeal handled by his trial counsel. The only issues that could have properly been raised in the appeal from the resentencing were those relating solely to the new sentence. *See, e.g., Madsen v. Borthick,* 769 P.2d 245, 250 (Utah 1988) (discussing collateral estoppel). Therefore, Fernandez's new counsel properly dismissed the second appeal in order to raise the ineffective assistance claim via habeas corpus.

In his dissent, the Chief Justice relies on a variation on this argument. He suggests that if Fernandez had raised the ineffective assistance claim in his *pro se* appeal from the resentencing, we could have exercised our discretion and considered it on the merits. He reasons further that because we could have reviewed that claim

in the second appeal, Fernandez is now foreclosed from raising the claim by the proper channel, habeas corpus. It is worth noting that the Chief Justice cites no authority for the proposition that we could have properly considered the ineffective assistance claims on the second direct appeal. But even if we have some such authority, the fact that we might have considered the claim on appeal from the resentencing cannot foreclose Fernandez from pursuing a procedurally correct course, habeas corpus. Certainly, competent counsel would take the more prudent course suggested by *DeLand* rather than relying on some beneficence from this Court. Moreover, there is a practical reason we could not have adequately addressed the issue on the second appeal, even if we had wanted to do so: The only record that would have had any information relevant to the effectiveness of counsel at trial would have been the record in the first appeal. The record in the second appeal could properly contain only material relevant to the resentencing. Therefore, once the first appeal had been disposed of, the only way to bring information pertinent to effectiveness of counsel before the court again would be via a habeas corpus petition.

that appeal.[1]

Both the first and the second appeal raised the same solitary issue, namely, the propriety of the sentence imposed. It is understandable why the first appeal did not raise the issue of ineffective assistance of counsel because it was filed by trial counsel now alleged to have been ineffective. However, plaintiff filed the second appeal *pro se*, yet did. not see fit to raise the additional issue. Shortly thereafter, he obtained the assistance of present appellate counsel, who reached the conclusions that the sentencing issue was without merit and that an ineffective assistance of counsel claim afforded a more likely ground for relief. However, rather than pursue the issue on appeal, counsel chose to dismiss the *pro se* appeal and in lieu thereof sought habeas corpus relief.

Plaintiff does not contend that he was in any way precluded from raising all of his claims on direct appeal. On the contrary, he concedes that he voluntarily dismissed his second appeal with the intention of seeking habeas corpus relief as a preferred substitute.

Plaintiff's deliberate by-pass of direct appeal review affords no basis for a finding of "unusual circumstances" or "good cause" necessary to justify extraordinary relief within the contemplation of rule 65B(i), Utah Rules of Civil Procedure.[2]

I would affirm the judgment of the trial court.

---

1. *Codianna v. Morris,* 660 P.2d 1101, 1104–05 (Utah 1983).

2. *Id.; see State v. West,* 765 P.2d 891, 897–902 (Utah 1988) (Hall, C.J., dissenting).