Tracy **CANDELARIO**, Plaintiff and Appellant,

v.

Gerald **COOK**, Defendant and Appellee.

No. 890157.

Supreme Court of Utah.

April 4, 1990.

Mark H. Tanner, Castle Dale, for plaintiff and appellant.

R. Paul Van Dam, Kent M. Barry, Salt Lake City, for defendant and appellee.

DURHAM, Justice:

Plaintiff appeals from an order dismissing his application for an extraordinary writ seeking postconviction relief pursuant to Utah Rule of Civil Procedure 65B(i). We affirm.

Tracy Candelario was sentenced for aggravated robbery, a first degree felony under Utah Code Ann. § 76-6-302 (1978) (amended 1989), on May 24, 1985, after entering a guilty plea. He received a prison sentence of five years to life but was placed on probation by Judge Wilkinson of the third district. On December 9, 1985, Candelario was arrested and subsequently charged with robbery, a second degree felony under Utah Code Ann. § 76-6-301 (1978). He pleaded guilty to this charge on December 27, 1985, and was later committed to the Utah State Prison for a term of one to fifteen years.

On February 7, 1986, before being sentenced to prison for robbery, Candelario was brought before Judge Wilkinson on an order to show cause why his probation should not be revoked. At this hearing, Candelario admitted to the four allegations contained in the affidavit in support of the motion. The allegations were that Candelario (1) had committed robbery, (2) had failed to report to his probation officer, (3) had not made restitution, and (4) had failed to participate in a court-ordered program to complete community service hours. At the conclusion of this hearing, Judge Wilkinson continued Candelario's probation. There was a second hearing on an order to show cause on April 11, 1986. The affidavit supporting this order alleged the second robbery conviction and a resulting prison commitment which had issued on February 14, 1986. Candelario admitted the allegations, and Judge Wilkinson revoked probation and committed Candelario to serve the original aggravated robbery sentence of five years to life concurrently with the sentence on the second robbery.

Candelario filed a petition for a writ of habeas corpus with the third district court, alleging that the second hearing on an order to show cause violated the double jeopardy clause of the United States Constitution. That petition was denied by Judge Daniels on July 28, 1987. Candelario did not appeal from that denial. He instead filed a petition for relief under Utah Rule of Civil Procedure 65B(i) over a year later, alleging the same double jeopardy violation and a due process violation. This petition was dismissed by Judge Rokich on February 22, 1989. Candelario appeals from that order.

■ Candelario asks this court to review his claim that he was subjected to double jeopardy. However, his appeal is not from Judge Daniels' decision regarding the double jeopardy claim, but instead is from Judge Rokich's determination on the rule 65B(i) petition. Candelario's double jeopardy claim is thus not properly before us. We therefore review Judge Rokich's dismissal of the second petition.

■ Judge Rokich dismissed Candelario's petition in this action based on the doctrine of res judicata and for failure to state a claim upon which relief may be granted. Dismissal of the petition on these grounds was correct, but Judge Rokich could have relied on the provisions of rule 65B(i), under which Candelario's petition

was before him, rather than invoking the doctrine of res judicata. Rule 65B(i)(2) is designed to prevent successive petitions for a writ based on identical grounds, a potential abuse of the judicial system.[1] The rule provides that a court should dismiss a petition if "it is apparent ... that the legality or constitutionality of [the petitioner's] confinement has already been adjudged in [prior habeas corpus or other similar] proceedings."

This Court recently construed rule 65B(i)(2) in *Hurst v. Cook*, 777 P.2d 1029 (Utah 1989):

> A ground for relief from a conviction or sentence that has once been fully and fairly adjudicated on appeal or in a prior habeas proceeding should not be readjudicated unless it can be shown that there are "unusual circumstances." For example, a prior adjudication is not a bar to reexamination of a conviction if there has been a retroactive change in the law, *see generally Andrews v. Morris*, 677 P.2d 81 (Utah 1983); a subsequent discovery of suppressed evidence, *see Gallegos v. Turner*, 17 Utah 2d 273, 409 P.2d 386 (1965), or newly discovered evidence, *see State v. Lafferty*, 776 P.2d 631 (Utah 1989). But ordinarily, a ground for setting aside a conviction or sentence may not be relitigated.

*Id.* at 1036. The list of "unusual circumstances" in *Hurst* is not exhaustive, but this case would not fall into any extension of that category. The double jeopardy claim presented to Judge Rokich in the rule 65B(i) petition was exactly the same as the one denied by Judge Daniels in Candelario's first habeas corpus petition.[2] Judge Rokich's dismissal was therefore correct, although his reliance on res judicata was unnecessary; he could simply have declined reconsideration of the double jeopardy claim under rule 65B(i)(2). The result would have been the same if Judge Rokich had denied the writ under rule 65B(i)(2), however, and his reliance instead on the doctrine of res judicata did not affect Candelario's rights.

▪︎ Judge Rokich's dismissal of Candelario's due process claim was also appropriate. Candelario argues that he did not receive notice of the second hearing on an order to show cause. However, he did not raise this argument at the second probation revocation hearing or in his first habeas petition before Judge Daniels. Candelario first raised the issue of lack of notice in his petition before Judge Rokich. Prior adjudication of a habeas petition does not automatically bar the adjudication of a subsequent petition raising new grounds for relief. *See Johns v. Shulsen*, 784 P.2d 1151 (Utah 1989) (per curiam); *Hurst*, 777 P.2d at 1037. However, rule 65B(i)(4) requires that a petitioner show good cause for not raising all complaints of denial of constitutional rights in the first postconviction proceeding in order to justify consideration of a subsequent petition.[3] Candelario has shown no reason why he did not raise the issue of lack of notice at the second revocation hearing or in his first habeas petition,

---

1. Rule 65B(i)(2) provides in pertinent part:
   (2) ... The complaint shall further state that the legality or constitutionality of his commitment or confinement has not already been adjudged in a prior habeas corpus or other similar proceeding; and if the complainant shall have instituted prior similar proceedings in any court, state or federal, within the state of Utah, he shall so state in his complaint, shall attach a copy of any pleading filed in such court by him to his complaint, and shall set forth the reasons for the denial of relief in such other court. In such case, if it is apparent to the court in which the proceeding under this rule is instituted that the legality or constitutionality of his confinement has already been adjudged in such prior proceedings, the court shall forth-

with dismiss such complaint, giving written notice thereof by mail to the complainant, and no further proceedings shall be had on such complaint.
Utah R.Civ.P. 65B(i)(2).

2. Candelario would have been entitled to appellate review of his double jeopardy claim if he had appealed from Judge Daniels' order.

3. Rule 65B(i)(4) provides:
   (4) All claims of the denial of any of complainant's constitutional rights shall be raised in the postconviction proceeding brought under this rule and may not be raised in another subsequent proceeding except for good cause shown therein.
Utah R.Civ.P. 65B(i)(4).

and he has shown no good cause for relieving him of his waiver in this case.

Judge Rokich's dismissal of the petition is affirmed.

HOWE, Associate C.J., and ZIMMERMAN and STEWART, JJ., concur.

HALL, C.J., concurs in the result.