Oliver Benjamin **GERRISH,**
Plaintiff and Petitioner,

v.

**M. Eldon BARNES, Warden, Utah State
Prison, Defendant and Respondent.**

**No. 900352.**

Supreme Court of Utah.

Dec. 16, 1992.

R. Paul Van Dam and Christine Soltis,
Salt Lake City, for Barnes.

Phyllis Vetter, Salt Lake City, for Gerrish.

DURHAM, Justice:

In 1985, plaintiff Oliver Benjamin Gerrish was charged with three counts of aggravated sexual abuse of a child, a first degree felony carrying a minimum mandatory term of three, six, or nine years to life. Utah Code Ann. § 76–5–404.1. As part of a plea bargain, Gerrish pleaded guilty to one of the counts and the other charges were dismissed. He was sentenced to the middle term: six years to life.

Gerrish now seeks a writ of habeas corpus allowing him to withdraw his guilty plea. He alleges that the prosecution promised to seek the minimum three-year sentence as part of the plea bargain and that his attorney told him that he would be out of prison after three years. He claims that (1) he was denied his right to effective assistance of counsel, and (2) the plea was not knowing and voluntary because it was induced by the plea agreement, which the prosecution breached. The trial court dismissed the petition on the ground that it was successive without good cause under former Utah Rule of Civil Procedure 65B(i)(4),[1] and the court of appeals summarily affirmed. We granted certiorari and now affirm.

In August 1985, when Gerrish learned that he was going to be arrested and charged with the above-mentioned crimes, he retained Harlan Y. Hammond to represent him. Hammond, Gerrish's neighbor,

---

1. Rule 65B was substantially amended effective September 1991. *See* current Utah R.Civ.P. 65B(b)(3).

was well acquainted with Gerrish and the circumstances surrounding the charges. Hammond had been a practicing attorney since 1961, but he had little or no criminal law experience. Hammond testified that he informed Gerrish of his inexperience when he was retained. Gerrish, however, maintains that he did not learn that Hammond lacked experience in criminal law until after Gerrish made his plea.

Gerrish entered his plea before Judge Timothy R. Hanson of the Third Judicial District Court on September 25, 1985. The court and the parties were mistaken as to the proper sentence for the charged offense. The plea affidavit improperly stated that the offense carried a minimum mandatory term of five, ten, or fifteen years, and neither the court nor anyone else noticed this error.[2] The court asked Gerrish if he understood that a guilty plea could result in at least a ten-year prison sentence absent any mitigating circumstances and that if mitigating circumstances existed, the court could reduce the sentence to a minimum mandatory term of five years. Gerrish responded that he understood this, and the court accepted his guilty plea. The colloquy is set forth in the margin.[3]

Gerrish came before the court for sentencing on October 21, 1985. The parties

were still mistaken as to the proper sentence for the charged offense. The prosecuting attorney requested "a fairly lengthy period of incarceration," stating that "a five-to-life sentence with a minimum mandatory would give the Board of Pardons the ability to keep Mr. Gerrish until they feel he is safe outside of an incarceration setting." The court found no aggravating or mitigating factors and sentenced Gerrish to the state prison for a minimum term of ten years. Neither Gerrish nor his counsel objected to the sentence.

In November 1985, the Board of Pardons informed the court of its sentencing error, and the court sua sponte amended Gerrish's sentence to a minimum mandatory term of six years, with a maximum of life. The court also held a hearing on the matter on February 18, 1986, at which Gerrish was represented by appointed counsel Jo Carol Nesset–Sale. She filed a motion to declare the minimum mandatory sentencing scheme unconstitutional.[4] The court denied the motion. The court asked Gerrish if he would like to say anything before sentencing, but he declined. The court resentenced Gerrish to a six-year minimum term.

Gerrish appealed, challenging only the constitutionality of the minimum mandato-

---

2. The court and the attorneys were probably confusing the charged offense with sodomy on a child. *See* Utah Code Ann. § 76–5–403.1.

3. Q [The Court]: Mr. Gerrish, Count 1 is aggravated sexual abuse of a child, a first-degree felony. I want you to understand what you're pleading here to. This charge carries, according to the statute, a minimum mandatory sentence. Have you spoken to Mr. Hammond about the nature of the Court's role in sentencing in this matter? You understand that absent any mitigating or aggravating circumstances, this Court will sentence you to prison for ten years minimum?
A: Yes, sir.
Q: You understand if there are mitigating circumstances, the Court has the option to reduce that to a five-year minimum sentence?
A: Yes, sir.
Q: Or if there are aggravating circumstances, to increase that to 15 years minimum?
A: Yes, sir.
Q: Do you understand what the Court means when I say minimum? That means the minimum amount of time you're going to spend in

the Utah State Prison before you could even be considered for parole. Do you understand that?
A: Yes, I do.
....
Q: Mr. Gerrish, I want to make sure that it's your intention to plead in this matter. Have you discussed this plea bargain arrangement carefully with Mr. Hammond?
A: Yes, we have, sir.
Q: Have you asked him any questions about this matter that you deem important or appropriate?
A: Yes, sir. Quite a few.
Q: And do you feel that this plea is in your best interest?
A: Yes, sir, I do.
....
Q: Is the reason you want to plead guilty to Count I in this Information, in case No. 1143, because in fact you are guilty of that?
A: Yes, I am.

4. Gerrish had requested that the court appoint counsel "to appeal my case for me" in a letter dated December 7, 1985.

ry sentencing scheme. On November 19, 1987, this court affirmed the conviction. *State v. Gerrish*, 746 P.2d 762 (Utah 1987).

In May 1989, Gerrish filed a motion to withdraw his guilty plea in Judge Hanson's court, where he was originally sentenced.[5] He argued that the plea was involuntary because he had been denied effective assistance of counsel and that his plea had been coerced by the State's promises, subsequently broken.

Samuel Alba (now a magistrate judge for the United States District Court for the District of Utah) was appointed to represent Gerrish in his motion to withdraw his plea. Judge Hanson held an evidentiary hearing on the motion on September 29, 1989, at which Gerrish and his original attorney, Mr. Hammond, testified. Hammond testified that he understood from the beginning that Gerrish wanted to plead guilty "because he did not want to bring in any witnesses of young people, and have them rehash over what had happened." Hammond further stated that he "wouldn't have taken the case if it had been a complete defense."

With respect to the plea bargain, Hammond testified that the prosecuting attorney offered to drop two of the three charges and "as nearly as I can recollect, strive for a three year sentence." Hammond explained that he understood this to be the minimum term for the offense and that he believed Gerrish would have to serve only three years. He also stated that he conveyed this information to Gerrish.

Hammond testified further that he was "somewhat" acquainted with the victims in the case, that he lived in their neighborhood, that he knew their parents, and that he had conversed briefly with the parents before the preliminary hearing. However, he stated that he did not discuss the case with them at all. Finally, he admitted that the bar had brought disciplinary proceed-

ings against him arising out of his handling of the case and had privately reprimanded him, in part for taking a criminal case without being sufficiently familiar with the relevant law.

Gerrish also testified at the hearing. He stated that Hammond had told him about the agreement while they were going over the plea affidavit before he entered his plea:

> It came when we were in the jury room, Mr. Hammond told me, "Oliver, if you plead guilty to one count, the prosecutor has agreed to drop the other two. The prosecute [sic] has promised me that you will receive only a three year sentence. You will be out in three years. The Judge knows about this, so there is no need for you to bring it up in court. It is all set up." That's a quote.

Gerrish testified that he was "concerned" when the judge told him that he would be facing at least a five-year minimum, but that he did not say anything during the plea colloquy or afterward because Hammond had told him not to: "I just followed the instructions given me by my counsel." He testified that he never told his appellate counsel about the plea agreement because he met with her only once, at the resentencing hearing, which occurred before she filed the appeal from the original conviction. Finally, while Gerrish denied that he had intended to plead guilty from the start, he admitted that he decided to plead guilty at some point and did not change his mind until after he received his sentence.

The court denied the motion, finding that Gerrish had intended to plead guilty from the beginning. In addition, the court rejected Gerrish's claims that he did not understand what was going on during the plea colloquy and that Hammond had told him not to say anything about the alleged

---

**5.** In the meantime, Gerrish had filed two pro se petitions for habeas corpus, one in state court and one in the United States District Court for the District of Utah. The state petition, filed in July 1987, was dismissed on the ground that Gerrish had not first filed a motion to withdraw his guilty plea. Gerrish appealed the dismissal to this court, but we dismissed the appeal on the ground that it was untimely.

Gerrish filed his federal habeas petition in the fall of 1988. The court dismissed the petition for failure to exhaust state remedies. Gerrish did not appeal this ruling.

agreement. Finally, the court opined that it "belies credibility" to think that Gerrish would not say anything to either the court or his appellate counsel after he received a ten-year minimum mandatory sentence instead of the three years he had supposedly been promised.

Gerrish, still represented by Mr. Alba, appealed from the denial of his motion. On appeal, he argued only that the trial court was required to strictly comply with Utah Rule of Criminal Procedure 11(e) in taking his plea under *State v. Gibbons*, 740 P.2d 1309 (Utah 1987).[6] Gerrish did not challenge the trial court's findings of fact as to the knowing and voluntary nature of the plea or Hammond's effectiveness as counsel. The court of appeals summarily affirmed, holding that under *State v. Vasilacopulos*, 756 P.2d 92, 94 (Utah Ct.App.), *cert. denied*, 765 P.2d 1278 (Utah 1988), *Gibbons* did not apply retroactively. The court held that the trial court had applied the correct "record as a whole" standard in reviewing the entry of the plea.[7] Gerrish apparently did not seek review in this court.

While the motion to withdraw was pending, Gerrish submitted this petition for habeas corpus to the Third Judicial District Court.[8] The petition states, "This specific petition concerns only the breached plea agreement and no other issue." (Emphasis in original.)

The matter was ultimately assigned to Judge Michael R. Murphy, who dismissed the petition on March 29, 1990.[9] The order of dismissal noted that (1) Gerrish had had a direct appeal from his conviction, but failed to raise the issue of the breached plea agreement; (2) Gerrish had filed two previous petitions for habeas, both of which were dismissed, and had failed to prosecute appeals from these dismissals;[10] and (3) Gerrish had filed a motion to withdraw his plea, which Judge Hanson had denied. The court concluded that Gerrish had not alleged "unusual circumstances" justifying his failure to raise the breached plea agreement on his direct appeal. The court held that the petition was "successive without 'good cause' as proscribed by Utah R.Civ.P. 65B(i)(4)."

Gerrish appealed this decision, and we poured the matter over to the court of appeals. The court of appeals summarily affirmed the dismissal in an unpublished opinion dated June 14, 1990. We granted certiorari and now affirm, holding that Gerrish's claims are procedurally barred.

"In considering an appeal from a dismissal of a petition for a writ of habeas corpus, no deference is accorded the lower court's conclusions of law that underlie the dismissal of the petition. We review those for

---

6. In *Gibbons*, this court held that a trial court must strictly comply with rule 11(e) (now 11(5)) in taking a guilty plea or else the plea may be withdrawn. *Gibbons*, 740 P.2d at 1312.

7. But see *State v. Maguire*, 830 P.2d 216, 217 n. 1 (Utah 1991), noting that the proper distinction is between the post-*Gibbons* "strict compliance" test and the pre-*Gibbons* "substantial compliance" test: "Both tests require an appellate court to review the record as a whole."

8. This was Gerrish's third petition for habeas corpus filed in state court. In addition to the petition discussed *supra* at footnote 5, Gerrish filed another pro se petition in the Third Judicial District Court on May 30, 1989, about two weeks after he filed his motion to withdraw. The district court dismissed this petition in August 1989. The court found that (1) Gerrish had failed to raise the ineffectiveness issue on direct appeal, (2) Gerrish had failed to appeal the dismissal of his first writ petition, and (3) Gerrish had not established good cause for failing to

raise the issue on appeal or to timely appeal the previous dismissal. The court concluded that the petition raised issues that could and should have been raised on direct appeal and that it was successive without good cause in violation of Utah Rule of Civil Procedure 65B(i)(4).

This court dismissed Gerrish's appeal for failure to prosecute.

9. On the State's motion, the court mistakenly consolidated this petition, originally number 890906738HC, with an unrelated petition for habeas corpus filed two weeks earlier. The other action, *Gerrish v. Palacios*, No. 890906266HC, challenged certain acts of the parole board. As the parties agree that consolidation was improper and that no ruling was ever made on this petition, we order that the petitions be severed and that original petition number 890906266HC be remanded to the trial court for consideration.

10. *See supra* notes 5 and 8.

correctness." *Fernandez v. Cook*, 783 P.2d 547, 549 (Utah 1989) (citations omitted).

At the outset, we note that we do not treat Gerrish's claims of ineffective assistance of counsel because they were not raised in this proceeding. This appeal was taken from his most recent habeas petition, which alleged only that his plea was involuntary because it was induced by a broken promise of a three-year sentence. Gerrish failed to prosecute appeals from his previous petitions, and he apparently did not seek supreme court review of the denial of his motion to withdraw. Utah Rule of Appellate Procedure 48(a) and (b) provides that a petition for a writ of certiorari must be filed with this court within thirty days after the court of appeals enters its decision, or else the petition is "jurisdictionally out of time." *See Earle v. Warden*, 811 P.2d 180 (Utah 1991). This court thus may not consider issues raised only in the previous habeas petitions. *See Candelario v. Cook*, 789 P.2d 710, 711 (Utah 1990) (petitioner who had failed to appeal from denial of his first petition for habeas corpus could not challenge that denial when he appealed the denial of a subsequent petition).[11]

■ The State contends that Gerrish's claim regarding the broken plea bargain is procedurally barred because he failed to take advantage of previous opportunities to raise this claim in his direct appeals. We agree.

■ Habeas corpus may be available to attack a conviction where the petitioner has suffered an obvious injustice or a substantial denial of a constitutional right. *Fernandez*, 783 P.2d at 549. But habeas corpus is not to be used to circumvent regular appellate review. *Jensen v. DeLand*, 795 P.2d 619, 620 (Utah 1989); *Brown v. Turner*, 21 Utah 2d 96, 440 P.2d

968, 969 (1968). Therefore, a petitioner waives issues that could have been raised on direct appeal from a conviction unless he or she establishes the existence of "unusual circumstances" justifying the failure to raise them. *Fernandez*, 783 P.2d at 549; *Hurst v. Cook*, 777 P.2d 1029, 1035 (Utah 1989). A procedural default is not always determinative of a collateral attack on a conviction, *Hurst*, 777 P.2d at 1036, but an unjustified failure to raise an issue on appeal presents a steep obstacle for the petitioner. In such a situation, the petitioner must present some special reason why the rule should not apply: he or she must demonstrate that it would be "wholly unconscionable not to reexamine the conviction."[12] *Martinez v. Smith*, 602 P.2d 700, 702 (Utah 1979).

■ In light of this standard, we find that Gerrish has waived the claim that his plea was involuntary because of the alleged plea agreement. We must decide on a case-by-case basis whether the circumstances justify a failure to raise an issue on appeal; there are no bright-line rules. *Wagstaff v. Barnes*, 802 P.2d 774, 776 (Utah Ct.App.1990). But Gerrish failed to raise this issue on either of his two direct appeals. Moreover, two previous habeas petitions have been dismissed, and he failed to prosecute appeals from either of those dismissals. Finally, in the one post-conviction evidentiary hearing regarding his claims, the trial court found them to be without merit. Under these facts, Gerrish has not established unusual circumstances rendering it unconscionable for the court to refuse to consider his petition.

Gerrish argues that he was denied any real opportunity to raise the alleged breach of the plea agreement on direct appeal. He claims that his first counsel, Mr. Hammond, advised against an appeal and that he followed that advice. He further con-

---

11. But see *Boggess v. Morris*, 635 P.2d 39 (Utah 1981), where this court issued a writ of certiorari to directly review a conviction in the extraordinary circumstance where the petitioner had admittedly been denied his right to appeal and there was no other way to review the proceedings without releasing him. However, we stressed that *Boggess* was a highly unusual situation in which the error could not have been corrected on appeal. *Id.* at 43.

12. We note that plaintiff does not challenge the lawfulness of his sentence or the jurisdiction of the trial court to impose it. Courts typically show special sensitivity to claims regarding the legality of the sentence itself. *Hurst*, 777 P.2d at 1038.

tends that the only chance he had to meet with his first appointed appellate counsel, Ms. Nesset–Sale, was at the resentencing hearing and that she never asked him what issues he would like to raise on appeal.

For the purpose of argument, we will assume (without deciding) that these circumstances might justify his failure to raise his claim on direct appeal of his conviction. Nonetheless, Gerrish still has not justified his failure to raise the broken plea agreement on direct appeal from the denial of his motion to withdraw his guilty plea. The only issue raised on that appeal was whether the trial court was required to strictly comply with the requirements of Utah Rule of Criminal Procedure 11(e) (now rule 11(5)) in taking Gerrish's plea, as required by *State v. Gibbons.*

Gerrish argues that the following facts excuse the failure to raise the issue of the breached plea agreement on appeal from the denial of his motion: (1) a substitution of counsel while the appeal was pending, and (2) "no indication" either that his appellate attorneys made a "tactical decision" not to challenge the findings of the trial court or that they gave Gerrish any opportunity to decide whether to waive a challenge to those findings.

Nothing in the record indicates that Gerrish was prejudiced by the change in appellate counsel. The attorney who represented him at the evidentiary hearing, Samuel Alba, did not withdraw until *after* he had filed the notice of appeal and a docketing statement setting forth the issues to be considered. Thus, this presents a different situation from Gerrish's original conviction, where the attorney who selected the issues to raise on appeal was wholly unfamiliar with the proceedings below. Mr. Alba represented Gerrish in the evidentiary hearing, filed the notice of appeal, and presumably determined that the only valid ground for appeal was the issue of the requirements for taking the plea.

Gerrish argues that nothing indicates that Mr. Alba or Mr. Fox (Alba's successor) made an actual "tactical decision" not to challenge the trial court's factual findings regarding the plea bargain. This argument implies that the State has the burden of showing that a petitioner's attorney made a conscious decision not to pursue a point on appeal. However, Gerrish has not cited any authority in support of this argument, and we decline to adopt such a rule. Rather, the *petitioner* must demonstrate that he or she should be allowed to present a claim that could and should have been raised on a direct appeal.

In *Codianna v. Morris,* 660 P.2d 1101, 1105 (Utah 1983), the petitioner attempted to justify the failure to raise certain issues on appeal by claiming attorney " 'inexperience' and 'unfamiliarity with the areas of the law that controlled these aspects of the case.' " This court held that these did not constitute unusual circumstances unless the petitioner established that the appellate representation was constitutionally deficient. We went on to state:

> To permit the inevitable instances of attorney oversight or ignorance to qualify for the "unusual circumstances" exception would allow that exception to swallow up the rule, thereby transforming habeas corpus from an extraordinary remedy into an alternative appeal mechanism in contravention of the finality of criminal judgments that is the settled policy of this state.

*Id.*

The rationale in *Codianna* applies here. This is not a situation where a petitioner sought to raise a certain issue on appeal but his attorney refused, or where his attorney wrongfully dissuaded him from taking an appeal. *See, e.g., Jensen v. DeLand,* 795 P.2d 619, 620–21 (Utah 1989); *Chess v. Smith,* 617 P.2d 341, 343 (Utah 1980). Gerrish does not assert that Mr. Alba's representation was constitutionally deficient. We therefore conclude that Gerrish should have raised the issue of the allegedly breached plea bargain on appeal from the denial of his motion to withdraw the guilty plea; furthermore, we find no unusual circumstances to allow Gerrish to raise his claims in this proceeding.

In cases of this nature, we must balance fairness and finality. As this court has noted, "Justice demands that a convicted

defendant have an opportunity to appeal in timely fashion, but once the appellate process has concluded, society's interest in the effectiveness and integrity of the criminal justice system requires a finality of judgment that should severely limit repetitive appeals and collateral attacks." *Bundy v. DeLand,* 763 P.2d 803, 805 (Utah 1988). Although it took years of effort, Gerrish finally received a full evidentiary hearing on his claim of the breached plea agreement, at which he was represented by presumably competent counsel. The trial court found Gerrish's testimony unreliable and concluded that the plea was not induced by the promise of a three-year sentence. Gerrish did not challenge this finding on appeal, where again he was represented by counsel. Consequently, his case does not present such unusual circumstances that it would be unconscionable not to reexamine the conviction.

The judgment of the court of appeals regarding this petition for habeas corpus is affirmed. Gerrish's petition challenging the actions of the parole board is remanded to the trial court for consideration.[13]

This court expresses its appreciation for appointed counsel's fine work in this matter.

HALL, C.J., HOWE, Associate C.J., and STEWART, J., concur.

ZIMMERMAN, Justice: (Concurring).

I reluctantly concur in Justice Durham's opinion. This case does not meet any of the criteria set by our case law for taking the extraordinary step of considering the merits of Gerrish's claims, even those claims that no courts have considered on their merits.

As a result of a confluence of circumstances, the proceedings before this court on certiorari have turned out to be a waste of this court's time and effort, as well as that of counsel for the State and the unpaid appointed counsel we furnished Gerrish after granting certiorari. We granted the writ, I assume, because Gerrish's pro se petition for certiorari claimed that his coun-

sel at the plea bargaining stage was unfamiliar with criminal law practice and had an undisclosed conflict with Gerrish, all of which rendered his assistance ineffective. Gerrish alleged that his attorney confused his ecclesiastical duties to the victims, their parents, and Gerrish with the duties he owed Gerrish in his role as counsel. The proof of his counsel's ineffectiveness, Gerrish concluded, was that his counsel had been disciplined by the Bar for his conduct. Gerrish claimed that the courts below had refused to consider the claim on the merits.

The State did not respond to the certiorari petition. Only after plaintiff's appointed counsel had briefed the merits of these questions and others did the State, in its responsive brief, note that while evidence on this issue was addressed at the hearing on Gerrish's motion to withdraw his plea, his then counsel did not press the legal issue either before the district court or on appeal. Therefore, the State argued, the issue was not properly before us. The only way we could reach those claims would be to determine preliminarily that all prior counsel were ineffective in not pursuing them earlier. However, the ineffectiveness issue was not raised in the pro se habeas petition filed with the district court, nor was it argued to the district court or the court of appeals. Although plaintiff now has appointed counsel who has briefed the issue, it is beyond our reach. We agree with the State and refuse to consider the issues raised for the first time in the certiorari petition.

All in all, the present case is a fine example of how claims of arguable merit can fall between the cracks created by the combination of insufficiently flexible procedures and insufficiently counseled litigants that is endemic to habeas corpus proceedings. In the long run, both the courts and the parties would save time and money and be better served if we provided criminal defendants with counsel, with one thorough plenary examination and hearing of all post-conviction questions, and with a counseled appeal from that determination. Instead, we squander vast time and re-

13. *See supra* note 9.

sources trying to avoid reaching the merits of successive habeas petitions in which uncounseled defendants haltingly attempt to raise what they think are valid claims. The present system serves only to baffle and anger the public with its costs and delay, while occasionally denying justice.

Unfortunately, the proceedings leading to today's decision, proceedings that I suspect are not yet over, bring to mind more *Bleak House* than *Gideon's Trumpet.*