**Walter B. KELBACH, Plaintiff and Appellant,**

v.

**O. Lane McCOTTER, Director, Utah Department of Corrections, Defendant and Appellee.**

No. 930252.

Supreme Court of Utah.

April 12, 1994.

Walter B. Kelbach, pro se.

Jan Graham, Atty. Gen., J. Frederic Voros, Jr., Asst. Atty. Gen., Salt Lake City, for defendant.

ZIMMERMAN, Chief Justice:

Walter B. Kelbach appeals from the district court's dismissal of his petition for a writ of habeas corpus. Kelbach claims that he is entitled to the writ on three grounds: (i) he was denied the right to be tried before a representative jury; (ii) the trial court "lost jurisdiction" over him because it did not immediately resentence him to life imprisonment after the United States Supreme Court vacated his death sentence; and (iii) he was improperly sentenced to life imprisonment under a penalty provision not in effect at the time he committed the murders. We affirm.

On December 21, 1966, Kelbach and his companion, Myron Lance, entered a Salt Lake City tavern. A few minutes later, a patron heard a shot and observed Kelbach holding a gun. At about the same time, Lance shot James Sizemore in the head, turned to the bartender, and said, "This is a stick-up." The bartender placed the cash drawer on the bar, and Lance removed the money. Immediately thereafter, a fusillade of shots resounded through the tavern. Patrons Fred Lillie and Beverly Mace died of gunshot wounds; another patron was wounded. Kelbach and Lance fled but were arrested at a roadblock a few hours later. After his arrest, Kelbach was charged with the murders of Sizemore and Lillie. He was convicted of murder in the first degree and sentenced to death.

Kelbach appealed his conviction and death sentence, and this court affirmed. *State v. Kelbach,* 23 Utah 2d 231, 240, 461 P.2d 297, 303 (1969), *vacated in part,* 408 U.S. 935, 92 S.Ct. 2858, 33 L.Ed.2d 751 (1972). While Kelbach's appeal was pending before the United States Supreme Court, that Court declared unconstitutional a death penalty provision similar to Utah's. *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Thereafter, the United States Supreme Court vacated Kelbach's death sentence and remanded his case to this court. *Kelbach v. Utah,* 408 U.S. 935, 92 S.Ct. 2858, 33 L.Ed.2d 751 (1972). This court remanded the case to the district court for further proceedings. *State v. Lance,* 559 P.2d 543, 543 (Utah 1977). On February 25, 1977, the district court sentenced Kelbach to two consecutive sentences of life imprisonment. Kelbach did not appeal the reduction of his sentence from death to life imprisonment.

Kelbach took no further action with regard to his sentence until November 16, 1992, at which time he moved to modify his sentence. After the district court denied his motion, Kelbach filed the instant petition for a writ of habeas corpus.[1] On May 10, 1993, the district court granted the State's motion to dismiss, concluding that each of Kelbach's claims was procedurally barred or, in the alternative, without merit.

---

1. Although Kelbach filed a "Petition for a Writ of Habeas Corpus," the trial court considered the petition a request for extraordinary relief and treated it under rule 65B of the Utah Rules of Civil Procedure.

"'In considering an appeal from a dismissal of a petition for a writ of habeas corpus, no deference is accorded the lower court's conclusions of law that underlie the dismissal of the petition. We review those for correctness.'" *Gerrish v. Barnes,* 844 P.2d 315, 318–19 (Utah 1992) (quoting *Fernandez v. Cook,* 783 P.2d 547, 549 (Utah 1989)).

■ Kelbach challenges his incarceration, claiming that the jury which convicted him was chosen through a discriminatory and constitutionally improper procedure. We conclude that Kelbach waived the right to challenge his conviction on this basis when he failed to object to the composition of the jury at trial.

At the time Kelbach was tried for murder, Salt Lake County utilized a jury selection procedure that limited jury service to real property holders. *See Leggroan v. Smith,* 498 F.2d 168, 170 (10th Cir.1974). In 1974, the United States Court of Appeals for the Tenth Circuit struck down this selection procedure as unconstitutional. *Id.* at 171. Kelbach now asserts that based on *Leggroan,* he was denied a fair and impartial jury.

Kelbach's reliance on *Leggroan* is misplaced. The *Leggroan* court made the scope of its decision clear:

> Our decision is so limited in scope ... that its effects will be minimal. It applies only to those persons convicted in Salt Lake County during the period of time the improper jury selection system was used, *and is further limited to persons who timely objected to their jury panel, because a defendant, by accepting a jury, waives his right to object to the panel.*

*Id.* (citations omitted). Kelbach failed to object to the composition of his jury. Thus, as the district court properly concluded, Kelbach is not entitled to any relief under *Leggroan.* Even if there were merit to his *Leggroan* claim, Kelbach failed to assert that claim on direct appeal, *Kelbach,* 461 P.2d at 297, and is barred from raising it here.

■ Kelbach also asserts that the district court lacked jurisdiction to resentence him to life imprisonment after the Supreme Court vacated his death penalty. In so asserting, he relies on section 77–35–1 of the Code, which provides:

> After a plea or verdict of guilty, or after a verdict against the defendant on a plea of a former conviction or acquittal or once in jeopardy, if the judgment is not arrested or a new trial granted, the court must appoint a time for pronouncing judgment, which must be at least two days and not more than ten days after the verdict.

Utah Code Ann. § 77–35–1 (1953). Kelbach alleges that his sentence is void because the district court lost jurisdiction to resentence him when it failed to act within the time limits set out in section 77–35–1.

As our opinion in *State v. Fedder* makes clear, the time fixed by section 77–35–1 is not jurisdictional. 1 Utah 2d 117, 120, 262 P.2d 753, 754–55 (1953). Instead, those time limits are "merely directory." *Fedder,* 262 P.2d at 755; *see also Rose v. District Court,* 67 Utah 526, 531–32, 248 P. 486, 488 (1926) (failure to object to delay in pronouncing sentence is a waiver of any objection to delay). Accordingly, Kelbach's jurisdictional claim is without merit.

■ Finally, Kelbach asserts that he was improperly sentenced to life imprisonment under a penalty provision not in effect at the time he committed the murders. Because he failed to raise this issue on direct appeal when he had the opportunity to do so, he is barred from raising it through an extraordinary writ.

It is "well settled in this state that allegations of error that could have been but were not raised on appeal from a criminal conviction cannot be raised by habeas corpus or postconviction review, except in unusual circumstances." *Codianna v. Morris,* 660 P.2d 1101, 1104 (Utah 1983). Furthermore, "an unjustified failure to raise an issue on appeal presents a steep obstacle for the petitioner. In such a situation, the petitioner must present some special reason why the rule should not apply: he or she must demonstrate that it would be 'wholly unconscionable not to reexamine the conviction.'" *Gerrish,* 844 P.2d at 319 (quoting *Martinez v. Smith,* 602 P.2d 700, 702 (Utah 1979)).

Kelbach did not challenge his life sentence through direct appeal in 1977 as he was entitled to do. Instead, he waited fifteen years to bring a habeas petition. Furthermore, he has neither alleged nor demonstrated any "unusual circumstance" or "special reason" that justifies his failure to raise this issue on appeal. *Codianna,* 660 P.2d at 1104; *Gerrish,* 844 P.2d at 319. Nor has he presented this court with any other argument relating to why this claim is not subject to the waiver rule set out in *Codianna* and *Gerrish.* Therefore, we hold that this claim is procedurally barred. *See Bundy v. De-Land,* 763 P.2d 803, 804 (Utah 1988).

The judgment of the district court dismissing Kelbach's petition for an extraordinary writ seeking habeas corpus relief is affirmed.

STEWART, Associate C.J., and HOWE, DURHAM and RUSSON, JJ., concur.